**INDEPENDENT INVESTOR PROTEC-TIVE LEAGUE and Martin F. Randolph, Jr., Plaintiffs-Appellants,**

**and**

**I. Walton Bader, Appellant,**

**v.**

**TOUCHE ROSS & COMPANY, Defendant-Appellee.**

**No. 1005, Docket 76–7027.**

United States Court of Appeals, Second Circuit.

Argued May 11, 1976.

Decided Sept. 17, 1976.

I. Walton Bader, White Plains, N.Y. (Bader & Bader, White Plains, N.Y., on the brief), for plaintiffs-appellants.

Lawrence R. Eno, New York City (James K. Nevling, Jr., Rosenman, Colin, Freund, Lewis & Cohen, New York City, on the brief), for defendant-appellee.

Before MOORE and TIMBERS, Circuit Judges, and NEWMAN, District Judge.*

NEWMAN, District Judge:

Plaintiffs, Independent Investor Protective League ("IIPL") and Martin F. Randolph, Jr., and their attorney, I. Walton Bader, Esq., seek to appeal from a January 9, 1976, order entered in a suit brought by these plaintiffs and others against Teleprompter Corp., Touche Ross & Company ("Touche Ross"), and others. The order was entered after hearings on a motion pursuant to Fed.R.Civ.P. 37(b) and (d) by Touche Ross concerning plaintiffs' failure to comply with an order entered August 16, 1974, directing plaintiffs to answer Touche Ross' interrogatories within twenty days.[1] The District Court found that interrogatory answers had not been timely served and that Bader and Merrill Sands, secretary of IIPL, had made false representations to Touche Ross counsel and to the Court concerning service of the interrogatory answers. In essence, the Court found that copies of draft answers had been mailed to Touche Ross counsel to mislead them into thinking the originals had been timely signed and verified. The Court's order dismissed the action as to Touche Ross with prejudice, directed IIPL and Bader to pay Touche Ross its expenses including counsel fees in connection with the Rule 37 motion and ensuing hearings, and referred the record for further consideration pursuant to Rule 5(f) of the General Rules of the District Court concerning disciplinary proceedings.

■ Appellants recognize that they encounter substantial obstacles in asserting a right to appeal at this stage of the litigation. The dismissal of the plaintiffs' claims against only defendant Touche Ross plainly adjudicates the "liabilities of fewer than all the parties" within the meaning of Fed.R.Civ.P. 54(b), and no direction for entry of judgment pursuant to that rule was made. This is entirely understandable since all the plaintiffs have endeavored to dismiss their claims voluntarily pursuant to Fed.R.Civ.P. 41(a)(1). Whether their notices of dismissal are effective is in some doubt in view of the fact that they brought the suit as a class action;[2] nevertheless their preference to have the case dismissed (albeit without prejudice) raises a serious question whether it would be appropriate to permit Rule 54(b) review of the dismissal with prejudice of their claims against Touche Ross in advance of resolution of the entire litigation.

■ The requirement that IIPL and Bader pay Touche Ross expenses in connection with the Rule 37(b) motion is not a final

---

* Of the United States District Court, District of Connecticut, sitting by designation.

1. While the Rule 37 motion was pending before Judge Richard Owen, the IIPL suit was consolidated with several other suits against Teleprompter Corp. by an order entered by Judge Lloyd F. MacMahon on November 18, 1974. That order for consolidation was entered without prejudice to any order that may be made by Judge Owen in proceedings then pending before him.

2. Fed.R.Civ.P. 41(a)(1) is specifically made subject to Fed.R.Civ.P. 23(e), which precludes dismissal of a class action without approval of the court and notice to the class. Touche Ross asserts that court approval of a voluntary dismissal is required even though class certification had not been made when the voluntary dismissals were filed. *See Kahan v. Rosenstiel,* 424 F.2d 161, 169 (2d Cir.), *cert. denied,* 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970). There is also a substantial question whether Rule 41(a)(1) is available for dismissal of only one party rather than an entire action. *See Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105 (2d Cir.), *cert. denied,* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953). But it is by no means clear, as Touche Ross contends, that the voluntary dismissals are nullities. Each of them has been endorsed by Judge MacMahon "So ordered." They would seem to be court orders, at worse erroneous for lack of Rule 23(e) notice or otherwise, issues we do not determine. Touche Ross contends Judge MacMahon's signature "gave no validity" to the notices of dismissal (Appellee's Brief, p. 38), citing *Hyde Construction Co. v. Koehring Co.,* 388 F.2d 501 (10th Cir. 1968). But in that case, the ineffectiveness of the purported voluntary dismissal had been adjudicated on appeal and the District Court had been ordered to vacate the order of dismissal. *Id.* at 508. The dismissal orders in this case remain unreviewed, and, in the absence of a Rule 54(b) determination, unreviewable.

order since at most it adjudicates only liability, with determination of the amount of compensatory damages still to be litigated. Even at that point, it is far from clear that review can be obtained by IIPL before a final judgment in the entire litigation, see *Cromaglass Corp. v. Ferm*, 500 F.2d 601, 604–05 (3d Cir. 1974) (*en banc*), or even by Bader, who though not a party to the principal litigation, may be so allied with a party as to preclude interlocutory review of an order to pay compensatory expenses. But see *Cromaglass Corp. v. Ferm, supra.*

■ Appellants rest their claim to appealability solely on the trial court's reference of the record for consideration of disciplinary proceedings against Bader, which, they assert, makes the case "probably" appealable. (Appellants' Memorandum in Support of Motion to Remand, p. 3). How that portion of the challenged order would make the entire order appealable is not indicated. In any event, appellants' reliance on *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), is unavailing. By no stretch of the imagination is a trial court's reference of a transcript for consideration by those with responsibility for deciding whether to initiate disciplinary proceedings a "decision . . . in that small class which *finally* determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1226 (emphasis added).[3]

The appeal is dismissed.

---

3. Rule 5(f) of the General Rules applicable in the District Court for the Southern District of New York provides that complaints alleging grounds for disciplinary action against an attorney shall be presented to the Chief Judge of the District Court. If he deems the charges "of sufficient weight," he refers them to a bar association for its consideration. The recommendation of the bar association is presented to the Chief Judge. At that point the Chief Judge determines whether to order a formal proceeding against the attorney.