No. 78–1702.  SOCIALIST WORKERS PARTY ET AL. v. ATTORNEY GENERAL OF THE UNITED STATES ET AL.  C. A. 2d Cir. Certiorari denied.  MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL would grant certiorari.

MR. JUSTICE WHITE, dissenting.

In 1973, petitioners instituted a civil action against the United States and various federal officials.  Petitioners alleged that for over 40 years the Federal Bureau of Investigation had conducted a systematic, covert campaign to disrupt the lawful activities of petitioner organizations.  Pretrial discovery revealed that more than 1,300 unidentified informers had provided the FBI with information concerning petitioners.  Petitioners sought production of FBI files concerning the informers, and the FBI resisted with a claim of informer privilege.  After conducting an *in camera* review of FBI files concerning 19 representative informers, the District Court ordered the FBI to produce 18 of the files for inspection by petitioners' attorneys.

The United States sought review of the discovery order by means of appeal and mandamus pursuant to 28 U. S. C. §§ 1291 and 1651.  Review was denied by the Court of Appeals for the Second Circuit, which held that the discovery

order was not appealable and that mandamus was inappropriate. *In re United States,* 565 F. 2d 19 (1977). A petition by the United States for certiorari was denied, with three Justices dissenting. *Bell* v. *Socialist Workers Party,* 436 U. S. 962 (1978) (BURGER, C. J., and WHITE and POWELL, JJ., dissenting).

The Attorney General then refused to comply with the discovery order, and the District Court adjudged him in civil contempt. The Attorney General appealed the contempt order and sought mandamus in the Court of Appeals. The Court of Appeals dismissed the appeal, holding that a civil contempt order is not appealable under 28 U. S. C. § 1291. The court nevertheless granted a writ of mandamus, vacated the contempt order, and directed the District Court to consider alternative sanctions against the Attorney General. *In re Attorney General of United States,* 596 F. 2d 58 (1979).

I would grant the petition for certiorari in this case because the decision of the Court of Appeals that mandamus was appropriate is arguably contrary to the prior decisions of this Court. *Will* v. *Calvert Fire Ins. Co.,* 437 U. S. 655 (1978); *Kerr* v. *United States District Court,* 426 U. S. 394 (1976). I also believe that this case raises a substantial question concerning the appealability of a civil judgment for disobedience of a discovery order that is not itself appealable. Cf. *United States* v. *Ryan,* 402 U. S. 530, 532 (1971).