Harold N. EVANSON et al., and United States of America et al., Plaintiffs-Appellees,

v.

UNION OIL COMPANY OF CALIFORNIA, Defendant-Appellant.

UNION OIL COMPANY OF CALIFORNIA, Defendant-Petitioner,

v.

The Honorable Earl R. LARSON, District Judge, United States District Court for the District of Minnesota, Respondent,

and

Harold N. Evanson et al., and United States of America et al., Plaintiffs-Respondents.

Nos. 8–8, 8–9.

Temporary Emergency Court of Appeals.

No. 8–8 Submitted Jan. 24, 1980.

No. 8–9 Submitted Jan. 11, 1980.

Decided April 7, 1980.

Joe A. Walters, William E. Flynn, David W. Kelley, O'Connor & Hannan, Minneapolis, Minn., and Richard G. Morgan, Donald S. Arbour, O'Connor & Hannan, Washington, D. C., for defendant-appellant in No. 8–8 and for defendant-petitioner in No. 8–9.

Robert J. Hennessey and Jon S. Swierzewski, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, Minn., Alice Daniel, Acting Asst. Atty. Gen., Washington, D. C., Andrew W. Danielson, U. S. Atty., Donald F. Parr, Asst. U. S. Atty., Minneapolis, Minn., C. Max Vassanelli, William Cole, Attys., Dept. of Justice, Nancy C. Crisman, Thomas H. Kemp, Katherine L. Henry, Margaret A. Weekes, Attys., Dept. of Energy, Washington, D. C., Charles D. Schoor, Stephen P. Deitsch, Attys., Dept. of Energy, Los Angeles, Cal., for plaintiffs-appellees in No. 8–8 and for plaintiffs-respondents in No. 8–9.

Before BECKER, BONSAL and LACEY, JJ.

BONSAL, Judge.

Defendant Union Oil Company of California ("Union") appeals from an order of the United States District Court for Minnesota that imposed sanctions on Union pursuant to Fed.R.Civ.P. 37(b)(2) on the ground that Union gave false answers to interrogatories served by plaintiffs. Plaintiffs have filed motions to dismiss Union's appeal for lack of jurisdiction. Alternatively, Union has petitioned for writs of mandamus and prohibition directing that the district court vacate its order and enjoining its enforcement. We grant plaintiffs' motions to dismiss the appeal for lack of jurisdiction and dismiss Union's petition for a writ.

I

The order that is the subject of this appeal was issued by the district court during pretrial discovery proceedings. This action was brought under the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. §§ 751, *et seq.*, claiming pricing violations by Union. Plaintiffs questioned the truth of Union's answers to certain interrogatories and were accorded a hearing. Following the hearing, the district judge found that one of the interrogatories "was answered falsely and that the earlier answers were undoubtedly evasive." *Evanson v. Union Oil Co. of California*, 85 F.R.D. 274, 277 (D.Minn. 1979). He found that the following facts would "be deemed to be established":

"1. The defendant Union Oil Company of California knew how it was required to calculate selling prices on its gasoline products under the applicable pricing regulations.

"2. That for all classes of customers defendant Union Oil Company of California did not use as the actual selling prices of its gasoline products the prices required under the applicable regulations.

"3. That the responsible executives of Union Oil Company of California and therefore Union Oil Company of California itself, knew that the actual selling prices of its gasoline products were not the prices required under the applicable regulations." *Id.* at 278.

The district court directed Union to pay the costs of the non-government plaintiffs incurred by them by reason of the false responses, in the amount of $60,961.09.

## II

■ Union asserts that this court has jurisdiction over its appeal under 28 U.S.C. § 1291 and 12 U.S.C. § 1904 note. These sections provide that appeals may be taken only from "final" decisions. According to Professor Moore, "[m]ost orders requiring or denying discovery do not finally dispose of the proceeding or of any independent offshoot of it, and are, therefore, not appealable." 4 Moore's Federal Practice ¶ 26.83[3], at 26–585. Such non-appealable decisions would include "an order that a particular matter be taken as established." *Id.* ¶ 26.83[7], at 26–601. To allow interlocutory appeals of this nature would lead to piecemeal review and burdensome litigation. *See Cobbledick v. United States*, 309 U.S. 323, 324–26, 60 S.Ct. 540, 541–42, 84 L.Ed. 783 (1940); *Dibella v. United States*, 369 U.S. 121, 124, 82 S.Ct. 654, 656, 7 L.Ed.2d 614 (1962).

However, Union attempts to fit the order of the court below into the exception to non-appealability created by *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Cohen* allowed an interlocutory appeal of a pretrial order denying a motion to require that security be posted to cover costs, but only because the decision fell "in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole cause is adjudicated." *Id.* at 546, 69 S.Ct. at 1225, 1226. The limited exception envisioned by *Cohen* does not apply to the mass of cases involving interlocutory discovery orders. *David v. Hooker, Ltd.*, 560 F.2d 412, 416 n. 6 (9th Cir. 1977); *Shattuck v. Hoegl*, 523 F.2d 509, 516 (2d Cir. 1975); *Cromaglass Corp. v. Ferm*, 500 F.2d 601, 605 (3d Cir. 1974); *American Express Warehousing, Ltd. v. Transamerica Insurance Co.*, 380 F.2d 277, 280 (2d Cir.

1967). *See* 4 Moore's Federal Practice ¶ 26.83(6), at 26–599 (*Cohen* should only be applied to discovery orders in extraordinary situations). *But see State of Ohio v. Arthur Anderson & Co.*, 570 F.2d 1370 (10th Cir. 1978).

■ The sanctions ordered by the district judge under Rule 37 are not separable and collateral to the review of the case, as required by *Cohen*. The facts taken as proven go to the merits of the case, and thus involve matters that are "enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Mercantile National Bank at Dallas v. Langdeau*, 371 U.S. 555, 558, 83 S.Ct. 520, 522, 9 L.Ed.2d 523 (1963). Moreover, the district court noted that it was not imposing sanctions relative to the intentional or willful nature of Union's conduct, although it might have done so under Rule 37, 85 F.R.D. at 278. The court left the door open for Union to assert affirmative defenses to the main action based upon bona fide error in calculating its selling prices. Thus, the order is not dispositive of all of Union's defenses that can be made in the district court.

■ Union finally contends that it would be more efficient to permit its appeal now. However, an immediate appeal here would not materially advance the ultimate termination of this litigation. The validity of the discovery sanctions can be questioned, along with any other issues in this proceeding, following a final decision. "Ordinarily it is difficult to believe that a discovery order will present a controlling question of law or that an immediate appeal will materially advance the termination of the litigation." C. Wright & A. Miller, 8 Federal Practice and Procedure § 2006. Permitting an appeal here would "[authorize] *indiscriminate* interlocutory review of decisions made by the trial judge." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978) (emphasis by the Court).

## III

■ Granting the motion to dismiss the appeal requires us to consider Union's alter-

**75**

native petition for writs of mandamus and prohibition pursuant to 28 U.S.C. § 1651(a).* These extraordinary writs are used sparingly and only "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so," *Roche v. Evaporated Milk Association,* 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943), or to correct a "clear abuse of discretion," *Bankers Life and Casualty Co. v. Holland,* 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953). "It is, of course, well settled, that the writ is not to be used as a substitute for appeal, *Ex Parte Fahey,* 332 U.S. 258, 259–60, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041 [(1947)], even though hardship may result from delay and perhaps unnecessary trial . . . ." *Schlagenhauf v. Holder,* 379 U.S. 104, 110, 85 S.Ct. 234, 238, 13 L.Ed.2d 152 (1964). It is therefore not surprising that courts have shown an extreme reluctance to issue these extraordinary writs. *See, e. g., Leasco Data Processing Equipment Corp. v. Maxwell,* 468 F.2d 1326, 1344 (2d Cir. 1972); *United States v. Hankish,* 462 F.2d 316, 318 (4th Cir. 1972); *Fisons Ltd. v. United States,* 458 F.2d 1241, 1244 n. 2 (7th Cir.), *cert. denied,* 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 581 (1972). *See also Ex Parte Republic of Peru,* 318 U.S. 578, 584–85, 63 S.Ct. 793, 797–98, 87 L.Ed. 1014 (1943). *See generally* Note, *Supervisory and Advisory Mandamus Under the All Writs Act,* 86 Harv.L.Rev. 595 (1973).

■ In the case before us we have carefully reviewed the actions taken by the district judge. None of the actions appear to us to constitute either a usurpation of power or a clear abuse of discretion. "The writ . . . is not to be used when 'the most that could be claimed is that the district courts have erred in ruling on matters within their jurisdiction.' *Parr v. United States,* 351 U.S. 513, 520, 76 S.Ct. 912, 917, 100 L.Ed. 1377 [(1956)]; see *Bankers Life & Casualty Co. v. Holland, supra,* 346 U.S. at 382, 74 S.Ct. at 147." *Schlagenhauf v. Holder,* 379 U.S. at 112, 85 S.Ct. at 239.

Plaintiffs' motions to dismiss the appeal are granted.

Union's petition for writs of mandamus and prohibition is denied.

IT IS SO ORDERED.

---

* Otherwise known as the All Writs Act, 28 U.S.C. § 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."