658 F.2d 944
 EASTERN MAICO DISTRIBUTORS, INC. and Dennis Moore
v.
MAICO-FAHRZEUGFABRIK, G.m.b.H. and Maico Motorcycles, Inc.
and T. S. Steele.
Appeal of MAICO-FAHRZEUGFABRIK, G.m.b.H., Appellant in No. 81-1118.
Appeal of MAICO-FAHRZEUGFABRIK, G.m.b.H., and Clyde W.
McIntyre, Esquire, Appellants in No. 81-1119.
Appeal of Clyde W. McINTYRE, Esquire, Appellant in No. 81-1120.
 Nos. 81-1118 to 81-1120.
 United States Court of Appeals,
Third Circuit.
 Argued July 24, 1981.
Decided Sept. 11, 1981.
 
 Clyde W. McIntyre (argued), Harrisburg, Pa. (McNees, Wallace & Nurick, Harrisburg, Pa., of counsel), for Maico-Fahrzeugfabrik, G.m.b.H., Maico Motorcycles, Inc. and T. S. Steele.
 Charles I. Thompson, Jr., John B. Langel (argued), William A. Slaughter, Philadelphia, Pa. (Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., of counsel), for Eastern Maico Distributors, Inc. and Dennis Moore.
 Before ADAMS, HUNTER and SLOVITER, Circuit Judges.
 OPINION OF THE COURT
 ADAMS, Circuit Judge.
 
 
 1
 This case places before us the question of the appealability, under 28 U.S.C. § 1291, of a Rule 37(a)(4) order by the district court which imposed monetary sanctions against appellant's attorney for filing a motion the court deemed dilatory. Also involved is the appealability of three other discovery orders that were entered against the parties to this action. We hold that appellate jurisdiction is lacking at this time with respect to all of these orders, and accordingly dismiss the appeals without prejudice.
 
 I.
 
 2
 Maico-Fahrzeugfabrik, G.m.b.H. (hereinafter "German Maico"), a defendant and an appellant in this action, and Eastern Maico Distributors, Inc., a plaintiff and an appellee, have been litigating since 1977 an action involving an alleged breach by German Maico of a distributorship agreement.[1] In the course of the lawsuit each of the two companies sought discovery of numerous documents in the possession of the other.
 
 
 3
 Following a series of requests by plaintiffs for documents held by the defendants and responses which the plaintiffs considered inadequate, the plaintiffs in October 1979 filed a motion for sanctions against the defendants pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. Shortly thereafter, the defendants filed a motion to compel production of certain documents in the possession of the plaintiffs. In June 1980 the plaintiffs filed a motion for attorneys' fees with respect to a partial summary judgment motion. Then the defendants in July 1980 filed another motion to compel production of documents as well as for sanctions. The district court, in ruling on these four motions, handed down four separate orders in December 1980. Those orders are now appealed by German Maico and its attorney, Clyde W. McIntyre, Esquire.
 
 
 4
 The court's order number 1 addresses plaintiffs' 1979 motion for Rule 37(b) sanctions. Plaintiffs alleged that the defendants had failed to comply with discovery orders entered by the district court. Following a hearing, the district court concluded that the defendants had "seriously breached their discovery obligations" in that they had, despite repeated requests, failed to produce documents that the district court found were "highly relevant ... probably the most important materials of all other discovered information." Construing these failures as "obvious attempts to delay and frustrate the discovery process," the court decided that sanctions requiring the payment of expenses and attorneys' fees were warranted, and directed a United States Magistrate to hold a hearing to determine the proper amount of such expenses and fees. Defendants appealed the district court's order before the amount was set; this Court dismissed the appeal because it was not a final decision under 28 U.S.C. § 1291 or an appealable "collateral order" as the courts have defined that term. Following a hearing by the magistrate, the district court ordered German Maico to reimburse the plaintiffs $10,219.90 to cover expenses and attorneys' fees in the matter. The district court also required German Maico to deposit $25,000 with the clerk of the court to cover plaintiffs' expenses in retaking the depositions that were required in light of the newly produced documents.
 
 
 5
 Order number 2 concerns defendants' 1979 motion to compel the production of certain documents. The district court found that the request was repetitious, having previously been denied at least four times, and awarded plaintiffs their attorneys' fees and costs pursuant to Rule 37(a). The judge directed the magistrate to conduct a hearing to ascertain the amount of costs and to resolve whether they should be assessed against defendants or their counsel. The magistrate held a hearing to determine costs and in a report to the court recommended an award of $681; a separate hearing to determine the appropriate party to bear the expenses was scheduled. In filing exceptions to that report, the defendants' counsel requested that any attorneys' fees should be awarded against himself rather than against his clients. The magistrate thereupon cancelled the scheduled hearing as moot, and filed his report with the district court. The court, over the defendants' objections, awarded plaintiffs $681 in attorneys' fees against the defendant's counsel, Mr. McIntyre.
 
 
 6
 Orders 3 and 4 of the court were rendered in favor of the defendants, denying plaintiffs' motion for attorneys' fees with respect to a partial summary judgment motion and granting defendants' motion for the production of certain documents, but denying defendants' request for sanctions against the plaintiffs. German Maico appeals from orders 3 and 4 only with respect to language in those orders that German Maico considers unduly critical of its counsel.
 
 II.
 
 7
 For this Court to have appellate jurisdiction over these four orders at this time would require appellants to overcome a major jurisdictional barrier. Under 28 U.S.C. § 1291, courts of appeal may review only final decisions of the district courts, and exceptions to this rule are carefully limited. Congress in 28 U.S.C. § 1292 has enumerated a group of interlocutory orders which may be appealed immediately, but the challenged orders in this case do not fall within any of the specified categories. Consequently, if these orders are appealable at present, they must qualify as final decisions under § 1291, even though they arise in the context of an action that will continue after the present appeals finally are resolved.
 
 
 8
 In interpreting Section 1291, the Supreme Court has applied a "practical rather than a technical construction" to ascertain whether an appeal is final for appealability purposes. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949). In Cohen, the defendants in a derivative shareholder suit had asked the district court to order the plaintiffs to post a bond for the expenses of the defense. The district court denied the request; the appeals court considered the order denying the request for a bond to be immediately appealable and reversed the court's order. The Supreme Court affirmed the court of appeals, holding that the district court's order was appealable because it fell within the small class of orders which, although not dispositive of the actions from which they arise, nevertheless determine "claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225. Later cases have discerned three distinct requirements for the applicability of the Cohen "collateral order" exception: first, "the order must conclusively determine the disputed question," second, it must "resolve an important issue completely separate from the merits of the action," and third, it must be "effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978); United States v. Levine, 658 F.2d 113 at 116-118 (3d Cir.1981).
 
 
 9
 Discovery orders generally do not fit within either the plain language of Section 1291 or the collateral order exception articulated in Cohen, and so without more are not immediately reviewable on appeal. See, e. g., United States v. Ryan, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); Borden Co. v. Sylk, 410 F.2d 843 (3d Cir. 1969). As the Supreme Court has recently explained in Firestone Tire & Rubber Co. v. Risjord, --- U.S. ----, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981),
 
 
 10
 Permitting piecemeal appeals would undermine the independence of the District Judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of "avoid(ing) the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment."
 
 
 11
 --- U.S. at ----, 101 S.Ct. at 673, 66 L.Ed.2d at 578 (quoting Cobbledick, supra, 309 U.S. at 325, 60 S.Ct. at 541). For these same reasons, sanctions for violation of discovery orders are usually considered interlocutory and not immediately appealable. Cromaglass Corp. v. Ferm, 500 F.2d 601, 604 (3d Cir. 1974) (in banc); In re Attorney General of the United States, 596 F.2d 58 (2d Cir. 1979), cert. denied, 444 U.S. 903, 100 S.Ct. 217, 62 L.Ed.2d 141 (1979); Evanson v. Union Oil Co. of Calif., 619 F.2d 72 (Em.App.1980), cert. denied, --- U.S. ----, 101 S.Ct. 102, 66 L.Ed.2d 38 (1980).
 
 
 12
 The propriety of this rule in the case of German Maico is clear. The order imposing sanctions on German Maico fails to satisfy at least two of the three criteria set out by the Supreme Court in Cohen and reiterated in Coopers & Lybrand. While the order may conclusively determine the "disputed question" of the sanctions, and so satisfy the first element, the second and third criteria are clearly not met. As to the second criterion, the discovery activity at issue here is not completely collateral to the underlying action. In order to address the question whether the documents requested by plaintiffs were truly relevant, we would have to consider the charges against the defendants and reach some conclusion as to the relative importance of the discovered material. Cf. Evanson, supra, 619 F.2d at 74 (sanction for failing to answer interrogatories truthfully is not collateral to main issue and therefore not directly appealable); Borden Co., supra, 410 F.2d at 846 (challenge to discovery order on relevance grounds is clearly not collateral to substantive litigation). The orders in the present situation also fail the third requirement, for they will be fully reviewable on appeal from final judgment: the parties to the order will still be before the court, and retain the same interest in challenging the order as they have today. In such a case, the Cohen collateral order exception by its own terms does not apply.[2]
 
 
 13
 German Maico asserts that there are special and compelling reasons for hearing its appeal now. It notes that the amount of money at stake approximately $35,000 is considerable, and expresses concern as to the financial stability of the plaintiffs. We recognize that defendant, if denied appeal now, will be required to bear the risk of nonrecovery of the sum paid if it is ultimately decided that the sanction is unwarranted and plaintiffs are then unable to repay the amount. But this risk, accompanied by the assertion that plaintiffs have limited financial resources, does not, without more, constitute irreparable harm sufficient to qualify an order for immediate review. The same risk is present to some degree in almost every order for sanctions where execution precedes review. E. g., Evanson, supra, 619 F.2d at 74 (sanction of $60,000 not immediately appealable). To permit an interlocutory appeal in such cases would reverse the general rule of non-appealability. Indeed, only the exceptional order would escape immediate appellate scrutiny. Accordingly, we cannot read either Cohen or Section 1291 to confer on us jurisdiction to review order 1 at this time.[3]
 
 
 14
 Appellants argue that regardless of the appealability of any orders involving German Maico, the Rule 37(a)(4) order against its attorney is appealable as of right. They invoke the principle, related to the Cohen collateral order exception, that non-parties may appeal directly from district court orders imposing civil sanctions against them. See Alexander v. United States, 201 U.S. 117, 121-22, 26 S.Ct. 356, 357-358, 50 L.Ed. 686 (1906). But like the collateral order exception articulated in Cohen, a rule permitting appeals by non-parties must reflect a "practical" construction of Section 1291 in order not to create an intractable morass of appeals that would unnecessarily obstruct district court resolution of cases.
 
 
 15
 Rule 37(a)(4) provides for an award of expenses against a moving party or its attorney in a discovery motion that is denied, unless the trial judge finds "that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." The purpose of this rule is to protect the court and opposing parties from dilatory or unwarranted motions and to promote the expeditious hearing of cases.[4] When the sanction is imposed on a party to an action, that party for obvious reasons may not appeal the order immediately. See Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co., 634 F.2d 1215 (9th Cir. 1980). As to the party the order is interlocutory and can be appealed when final judgment in the case is issued. No irreparable harm is suffered by the party if it must pay the expenses immediately and then await final adjudication of the claim. At least the harm is no less than what the opposing party would suffer if it could not receive its expenses until after final judgment. And to permit an immediate appeal would be to undermine Rule 37(a)(4). If every sanction imposed to deter delay were immediately appealable, a litigant could forestall resolution of its case almost indefinitely, or for as long as the trial judge sought to impose sanctions. The court's only recourse would be to withhold sanctions, but doing so would negate any effect Rule 37(a)(4) could ordinarily have.
 
 
 16
 The possibilities for delay are equally great if an attorney may immediately appeal any sanctions imposed against himself. In the case at hand we do not reach the propriety of the district court's order against Mr. McIntyre and so express no view as to the justifiability of the motion in question. We do not doubt that Mr. McIntyre's voluntary acceptance of liability for the sanction in this case resulted from a good faith and conscientious effort to protect his client. And we are sensitive to the quandary a lawyer may find himself in if a trial judge sanctions him for filing a motion which the lawyer believes necessary to protect his client's interest, especially if the lawyer is unable to obtain immediate appellate review. Nevertheless, we cannot construe § 1291 to permit an appeal at that stage. Otherwise, Mr. McIntyre's action would chart a course available to any attorney seeking delay: voluntary acceptance of the Rule 37(a) sanction followed by immediate appeal.[5] If the sanctions became appealable simply because they had been imposed against the attorney advising the motion rather than the party on whose behalf it was made, the result would be as incongruous as the outcome which would follow immediate appealability by a party. A court's response to a rule which would allow an appeal by an attorney in such a situation might well be to refuse to sanction attorneys at all. But such an outcome would eliminate what was clearly envisioned as a purpose of Rule 37: a means of sanctioning attorneys who unnecessarily delay proceedings.[6] There is no indication that the framers of Rule 37, or Congress in enacting Section 1291, intended to permit appeals, with their inevitable delaying effect, from orders imposing sanctions for motions that the district court found to have already delayed the proceedings unjustifiably.
 
 
 17
 We note that other types of discovery sanctions against non-parties may be appealed immediately even when imposed against a party's attorney. But those sanctions are unlike Rule 37(a) penalties in both purpose and effect, in ways directly relevant to the reasons for permitting an immediate appeal. In civil contempt proceedings or Rule 37(b) sanctions against a non-party, even against an attorney to or an officer of a party, an appeal generally need not wait until final judgment in the case as a whole. See In re Fish & Neave, 519 F.2d 116 (8th Cir. 1975) (attorney may appeal civil contempt sanction); David v. Hooker, Ltd., 560 F.2d 412, 416-17 (9th Cir. 1977) (officer of party may appeal Rule 37(b) sanction for violation of discovery order). But in such situations the purpose of the sanction is not simply to deter harassment and delay, but to effect some discovery conduct. See Shillitani v. United States, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622 (1966). A non-party's interest in resisting a discovery order is immediate and usually separate from the parties' interests in delay. Before final judgment is reached, the non-party either will have surrendered the materials sought or will have suffered incarceration or steadily mounting fines imposed to compel the discovery. If the discovery is held unwarranted on appeal only after the case is resolved, the non-party's injury may not be possible to repair.[7] Under Rule 37(a), no similar situation exists. The objective of the Rule is the prevention of delay and costs to other litigants caused by the filing of groundless motions. An attorney sanctioned for such conduct by and large suffers no inordinate injury from a deferral of appellate consideration of the sanction. He need not in the meantime surrender any rights or suffer undue coercion.
 
 
 18
 Even if Rule 37(a)(4), with its exclusive focus on delay, were not involved, the availability of immediate review would not be certain. The Second Circuit, in Independent Investor Protective League v. Touche Ross & Co., 542 F.2d 156 (2d Cir. 1976), considered a district court order against a plaintiff and its counsel, requiring payment of attorneys' fees and expenses under Rule 37(b) for improper discovery conduct. Because the amount of the fees had not yet been set, the court held the orders unappealable. Although it did not reach the question whether the order would be appealable once the amount was determined, the court noted that "it is far from clear that review can be obtained by (appellant) before a final judgment in the entire litigation ... or even by (its attorney) Bader, who though not a party to the principal litigation, may be so allied with a party as to preclude interlocutory review of an order to pay compensatory expenses." 542 F.2d at 158.[8]
 
 
 19
 The present case offers a similar problem; the congruence of interests here is so great that Mr. McIntyre's status as a non-party is arguable. The conduct at issue the filing of a motion is one that involves the attorney and client in a way that makes disentanglement of responsibility difficult. It is not at all clear that voluntary acceptance of responsibility by Mr. McIntyre is sufficient to remove the court's sanction from the field of prejudgment orders against a client that are best left unreviewed until after final judgment issues. Mr. McIntyre's interest in counselling the motion was nearly identical with German Maico's interest in making it and his interest can be vindicated following judgment as well as German Maico's can. Furthermore, the issue may not be completely separable from the merits of the underlying action. Appellants agree that this order cannot be adequately understood without examination of the entire discovery history in the case. But such an inquiry would inevitably enmesh us in questions of relevance which could not be decided without reference to the underlying dispute.
 
 
 20
 Denial of immediate review under Section 1291 does not deprive persons such as McIntyre of all prejudgment remedies. The trial court can certify an order to this Court under 28 U.S.C. § 1292(b) if it considers the order to involve "a controlling question of law as to which there is substantial ground for difference of opinion" and believes that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." A petition for mandamus might also be an available option for a person challenging a trial court action. See EEOC v. Carter Carburetor Div. of ACF Industries, Inc., 577 F.2d 43 (8th Cir. 1978), cert. denied, 439 U.S. 1081, 99 S.Ct. 865, 59 L.Ed.2d 52 (1979). While both remedies are, in this context, extraordinary,[9] they do provide a check on the most difficult cases and the most serious abuses of discretion by district courts. In light of their availability, however, we do not see a compelling need for an immediate review of every 37(a)(4) sanction against attorneys, and hold that order number 2 is not appealable at this time.
 
 
 21
 The remaining two orders, numbers 3 and 4, are challenged only with respect to certain language in them that is critical of Mr. McIntyre. Appellants do not argue that these orders are themselves presently appealable. They recognize that this Court can deal with these orders, if at all, only in connection with an order over which we already have jurisdiction. Because no such order is before us, we need not deal with orders 3 and 4 at this time.
 
 III.
 
 22
 Lacking jurisdiction at this time over the challenged orders, we dismiss the appeal without prejudice.
 
 
 
 [1]
 Other parties in the action are Dennis Moore, as co-plaintiff, and Maico Motorcycle and T. S. Steele, as co-defendants. The two co-defendants did not appeal from the orders challenged here, the sanctions having been imposed only on German Maico and its attorney
 
 
 [2]
 The Tenth Circuit, in State of Ohio v. Arthur Andersen & Co., 570 F.2d 1370 (1978), cert. denied, 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1979), reached a contrary conclusion, reading Cohen to confer jurisdiction over an appeal from an order imposing Rule 37(b)(2) sanctions against a party even though judgment in the underlying action had not been issued. We believe that the decision in Andersen extends the Cohen collateral order exception beyond its natural limits. Accordingly, we join those courts that have refused to follow the Tenth Circuit's expansive reading. See Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co., 634 F.2d 1215, 1216 (9th Cir. 1980); Evanson v. Union Oil Co. of Calif., 619 F.2d 72, 74 (Em.App.1980), cert. denied, --- U.S. ----, 101 S.Ct. 102, 66 L.Ed.2d 38 (1980)
 
 
 [3]
 Our conclusion does not rest on this Court's dismissal of defendants' first appeal from this order. At the time of that appeal the amount of defendants' liability had not been set. The order would not have been appealable for that reason alone. See Independent Investor Protective League v. Touche Ross, 542 F.2d 156, 158 (2d Cir. 1976). Now that the fees and expenses have been set, we are confronted with a separate question affecting appealability the finality of the order as a whole
 
 
 [4]
 For similar reasons, the Rule also provides for awarding fees when a party's opposition to a motion is unwarranted
 In 1970, Rule 37 was amended to provide for the imposition of fees as the norm rather than the exception. The Notes of the Advisory Committee on Rules, in explaining the change, set out the general purpose of Rule 37(a)(4):
 At present, an award of expenses is made only if the losing party or person is found to have acted without substantial justification. The change requires that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified. The test of "substantial justification" remains, but the change in language is intended to encourage judges to be more alert to abuses occurring in the discovery process.
 On many occasions, to be sure, the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to the court. But the rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists. And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery.
 
 
 [5]
 The Court of Appeals for the Second Circuit recognized the possibility for similar abuse under Rule 37(b) in International Business Machines Corp. v. United States, 493 F.2d 112, 120 (1973), cert. denied, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974). But see id. at 127-30 (Timbers, J., dissenting) (suggesting that an attorney's acceptance of liability is an appropriate means of creating immediate appealability)
 
 
 [6]
 See Note 4, supra. See generally Note, Sanctions Imposed by Courts on Attorneys Who Abuse the Judicial Process, 44 U.Chi.L.Rev. 619, 629-33 (1977)
 
 
 [7]
 A non-party usually has little interest in challenging a judgment based on improperly discovered material; once the document or testimony is produced, the non-party has no inherent interest in the outcome of the case. It is for this reason that the courts have left open to non-parties the route, admittedly arduous, of refusing a disclosure order and suffering civil contempt which may then be appealed. See, e. g., Cobbledick v. United States, 309 U.S. 323, 326-327, 60 S.Ct. 540, 541-542, 84 L.Ed. 783 (1940)
 
 
 [8]
 Following the dismissal of the appeal in Touche Ross the district judge set the fees and also issued a final judgment with respect to Touche Ross pursuant to Rule 54(b). The orders at that point became appealable in conjunction with the Rule 54(b) judgment. Independent Investor Protective League v. Touche Ross & Co., 607 F.2d 530, 531 & n.3 (2d Cir. 1979). The court's later decision does not, therefore, in any way undercut its earlier statement that a pre-judgment order against a party's attorney might in some circumstances not be appealable. Nor does the court's contemporaneous decision in In re Irving, 600 F.2d 1027 (2d Cir. 1979), cert. denied, 444 U.S. 866, 100 S.Ct. 137, 62 L.Ed.2d 89 (1979), necessarily contradict its suggestion in Touche Ross. Irving involved a district court order of sanctioning General Counsel for the National Labor Relations Board for his failure to surrender to the defendants requested documents in his custody. The court heard the General Counsel's appeal from that order, but on the rationale that the General Counsel was not involved in the underlying criminal proceeding and so would have no standing to appeal from a final judgment. 600 F.2d at 1032. The attorney's involvement in the underlying action was much greater in Touche Ross and in the present case
 Other courts have declined to follow the suggestion of the Second Circuit. The Eighth Circuit in In re Murphy, 560 F.2d 326 (8th Cir. 1977), rejected the suggestion that "the relationship between the law firm and the parties" in that case "somehow transformed the firms into de facto parties, and thus, rendered the orders of contempt non-appealable." Id. at 333 n.10. Similarly, the Ninth Circuit held in David v. Hooker, Ltd., 560 F.2d 412 (9th Cir. 1977), that a Rule 37(b) sanction of attorneys' fees against an officer of one of the parties was immediately appealable, rejecting any notion that a corporation and its officers may be so intertwined as to invalidate the officer's right to appeal as a non-party. The Third Circuit has not yet confronted the issue. In Cromaglass Corp. v. Ferm, 500 F.2d 601 (3d Cir. 1974), this Court sitting in banc concluded that a civil contempt order against a party was not appealable, and noted that the appellant's attorney, against whom the order had also been issued, "is not a party to the litigation but on the other hand he has not appealed." 500 F.2d at 604. We did not, therefore, decide whether an attorney is inevitably a non-party, or whether in some circumstances he might be so intertwined with his client as to negate any access to immediate appeal.
 
 
 [9]
 In a dissent to the denial of certiorari in EEOC v. Carter Carburetor Div. of ACF Industries, Inc., 577 F.2d 43 (8th Cir. 1978), Justice Powell, writing for a three-Justice minority, argued that mandamus should be available only for the most exceptional interlocutory orders, and should not be used as a ready alternative to appealability under Section 1291. 439 U.S. 1081, 99 S.Ct. 865, 59 L.Ed.2d 52 (1979). In light of the already restrained language of the court of appeals in that case, 577 F.2d at 45 ("We acknowledge that mandamus is not to be used as a substitute for appeal .... However, the writ is appropriate when there is 'usurpation of judicial power' or 'a clear abuse of discretion.' "), this concern suggests that liberal access to mandamus is unlikely. The exceptional nature of mandamus in this context is also emphasized in In re Attorney General of the United States, 596 F.2d 58, 62-63 (2d Cir. 1979), cert. denied, 444 U.S. 903, 100 S.Ct. 217, 62 L.Ed.2d 141 (1979)