PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1541
_____

IDONA WALLACE

v.

KMART CORPORATION

(D.V.I. No. 1-02-cv-00107)


ERROL STANLEY; NIGEL CHARLES; MELVIN NEAL;
JOSEPH SONNY; WRANDA DAVIS; RACHEL DAVIS

v.

ST. CROIX BASIC SERVICES, INC; HOVENSA LLC;
AMERADA HESS CORP.; BASIC INDUSTRIES INC.

(D.V.I. No. 1-03-CV-00055)

FORREST THOMAS

v.

CENTENNIAL COMMUNICATIONS; CENTENNIAL
PUERTO RICO WIRELESS; CENTENNIAL USVI
OPERATION; CENTENNIAL CARIBBEAN HOLDING
CORP.

(D.V.I. No. 1-03-cv-00163)


MARK VITALIS

v.

SUN CONSTRUCTORS INC.; HOVENSA LLC; RICHARD
LANGNER; EXCEL GROUP INC.

(D.V.I. No. 1-05-cv-00101)


PATRICE CANTON

v.

KMART CORPORATION

(D.V.I. No. 1-05-cv-00143)

2

GLENFORD RAGGUETTE

v.

PREMIER WINES AND SPIRITS LTD.

(D.V.I. No. 1-06-cv-00173)


TERRANCE ALEXIS

v.

HOVENSA LLC; HESS CORPORATION f/k/a AMERADE
HESS CORPORATION

(D.V.I. No. 1-07-cv-00091)


LEE ROHN, ESQ.*,
Appellant
*(Pursuant to Fed. R. App. P. 12(a))

_____


APPEAL FROM THE DISTRICT COURT
FOR THE VIRGIN ISLANDS
District Judge: Honorable Timothy J. Savage

_____


Argued December 6, 2011

_____


3

Before: FISHER, GREENAWAY, JR. and ROTH, *Circuit Judges*.

(Opinion Filed:  July 25, 2012 )
_____

OPINION
_____


Lee J. Rohn, Esquire (argued)
Lee J. Rohn & Associates
1101 King Street
Christiansted, VI 00820
        *Counsel for Appellant Lee Rohn*

David J. Cattie, Esquire (argued)
Charles E. Engeman, Esquire
Ogletree, Deakins, Nash, Smoak & Stewart
1336 Beltjen Road
Suite 201
St. Thomas, VI 00802
        *Counsel for Appellees Sun Constructors, Richard Langner and Excel Group, Inc.*

GREENAWAY, JR., *Circuit Judge*.

Attorney Lee Rohn appeals a decision of the District Court holding her in contempt, pursuant to Fed. R. Civ. P. 45(e), for failing to comply with a subpoena.  The subpoena was issued by Sun Constructors ("Sun") as part of discovery in the motion Ms. Rohn filed, seeking the recusal of the District Judge in seven cases in which Ms. Rohn appeared as

counsel.  The cases, all of which were in different procedural postures, were consolidated for purposes of consideration of the recusal motion.  For the reasons set forth below, we conclude that we have jurisdiction to hear this appeal, and will remand for further proceedings consistent with this opinion.

## I.  Facts and Procedural History

In the recusal motion, Ms. Rohn alleged that the District Judge's "personal animosity" towards her was creating an appearance of bias and prejudice against her clients. (App. 104-05.)  In support of the recusal motion, Ms. Rohn submitted a declaration, relating her summary of the facts that formed the basis for her allegation of personal animosity.  In response to the recusal motion and attached declaration, Sun, who was a defendant in one of the seven consolidated cases, sought discovery.[1]  Specifically, Sun subpoenaed Ms. Rohn.[2]  The subpoena sought production of

---

[1] While defendants in some of the other six cases opposed the recusal motion, as well as engaged in discovery regarding that motion, only Sun's subpoena and the actions associated with it are under review at this time.

[2] The subpoena was issued by Sun.  However, the subsequent litigation surrounding the subpoena involved Sun, Richard "Doc" Langner and Excel Group, Inc. (collectively, "Defendants").

5

documents as well as scheduling her deposition.[3]

Ms. Rohn filed a mandamus petition in our Court seeking to have us act on various discovery matters, including vacating the order requiring her to appear for her deposition. The petition was denied, but our Court directed that all discovery be overseen by a Magistrate Judge, and not the District Judge about whom the recusal motion was focused.

According to Defendants, Ms. Rohn did not comply with the subpoena. She appeared for her deposition, but did not produce any documents. As a result, Defendants moved for contempt, pursuant to Fed. R. Civ. P. 45(e).[4] The Magistrate Judge granted the motion, held Ms. Rohn in contempt, and awarded attorney's fees to Defendants as the sanction for her contempt. Citing 28 U.S.C. § 636(e)(7), Ms.

---

[3] Also attached to the motion for recusal were statements from a variety of other people, including Ms. Rohn's clients and other individuals not involved in any litigation before the District Judge. Defendants sought discovery regarding these persons as well, but those requests and their resolution are not before us.

[4] Rule 45(e) provides that the court issuing the subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)."

Rohn appealed to the District Judge, who affirmed the finding of contempt without holding a hearing.

Ms. Rohn now argues on appeal that (1) the Magistrate Judge lacked the statutory authority to enter the contempt order and (2) the District Judge failed to conduct a de novo hearing, as required by 28 U.S.C. § 636(e).

## II. Jurisdiction

In our order granting Ms. Rohn's emergency motion seeking to stay the payment of the attorney's fees, we directed the parties to address the issue of this Court's jurisdiction, specifically focusing on the "'congruence of interests' distinctions outlined in Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 199 and 211 (1999), and whether Appellant should be treated as a party for purposes of this appeal."[5]

In Cunningham, the petitioner had served as counsel for the plaintiff in a civil rights action in federal court.

---

[5] The order also cited U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72 (1988). There, the Supreme Court held that nonparty witnesses could challenge a court's lack of subject matter jurisdiction when defending against a civil contempt action. Reasoning that "[t]he right of a nonparty to appeal an adjudication of contempt cannot be questioned," the Court extrapolated that this right encompassed the ability to challenge the court's jurisdiction. Id. at 76-77.

Petitioner flouted several discovery orders entered by the magistrate judge overseeing discovery, resulting in the magistrate judge imposing sanctions against counsel, pursuant to Fed. R. Civ. P. 37. The magistrate judge who imposed the discovery sanctions against counsel "took care to specify, however, that he had not held a contempt hearing and that petitioner was never found to be in contempt of court." Cunningham, 527 U.S. at 201.

In justifying why immediate appeal should be available to her, the petitioner "posit[ed] that contempt orders imposed on witnesses who disobey discovery orders are immediately appealable and argue[d] that the sanctions order in this case should be treated no differently." Id. at 206. The Supreme Court acknowledged that "[t]he effective congruence of interests between clients and attorneys counsels against treating attorneys like other nonparties for purposes of appeal." Id. at 207. That is, "[u]nlike witnesses, whose interests may differ substantially from the parties' [interests], attorneys assume an ethical obligation to serve their clients' interests." Id. at 206. The Supreme Court, in criticizing the petitioner's position, noted that her "argument also overlook[ed] the significant differences between a finding of contempt and a Rule 37(a) sanctions order." Id. at 207. That is, "'[c]ivil contempt is designed to force the contemnor to comply with an order of the court,' [while] a Rule 37(a) sanctions order lacks any prospective effect and is not designed to compel compliance." Id. (quoting Willy v. Coastal Corp., 503 U.S. 131, 139 (1992)). "[W]e have repeatedly held that a witness subject to a discovery order, but not held in contempt, generally may not appeal the order." Id. at 204 n.4.

The Third Circuit has also commented on the difference between orders entered pursuant to Rule 37(a) and contempt orders,[6] as well as the impact of the "congruence of interests" between an attorney and client. E. Maico Distrib., Inc. v. Maico-Fahrzeugfabrik, G.m.b.H., 658 F.2d 944, 949-50 (3d Cir. 1981). In E. Maico, we examined several orders, one of which imposed sanctions against defendant's counsel in response to a discovery dispute. This Court concluded that the congruence of interests between the attorney and client was "so great that [counsel's] status as a non-party is arguable." Id. at 950. That is, counsel's "interest in counseling the motion was nearly identical with [the client's] interest in making it and his interest can be vindicated following judgment as well as [the client's] can." Id. at 950-51.

---

[6] We have distinguished between sanctions orders entered pursuant to Fed. R. Civ. P. 37(a) and other discovery sanctions. E. Maico Distrib., Inc. v. Maico-Fahrzeugfabrik, G.m.b.H., 658 F.2d 944 (3d Cir. 1981). There, we stated that "[w]e note that other types of discovery sanctions against non-parties may be appealed immediately even when imposed against a party's attorney. But those sanctions are unlike Rule 37(a) penalties in both purpose and effect, in ways directly relevant to the reasons for permitting an immediate appeal. In civil contempt proceedings or Rule 37(b) sanctions against a non-party, even against an attorney to or an officer of a party, an appeal generally need not wait until final judgment in the case as a whole." Id. at 949.

In light of the distinction drawn both by our Court and the Supreme Court between sanctions imposed pursuant to Rule 37 and a finding of contempt imposed pursuant to Rule 45, the Magistrate Judge's action in holding Ms. Rohn in contempt pursuant to Rule 45 is significant regarding whether we have jurisdiction over this case. Third Circuit law is clear — non-party witnesses who are held in contempt may immediately appeal the contempt order. In re Flat Glass Antitrust Litig., 288 F.3d 83, 88 (3d Cir. 2002) ("[W]e have held nonparty witnesses must be held in contempt before seeking appellate review.").[7]

We must now determine whether Ms. Rohn should be treated as a party based on the congruence of her interest with the interests of her clients in bringing the recusal motion. We conclude, based on the facts of this case, that Ms. Rohn was being subpoenaed as a witness, rather than in her capacity as counsel to the movants. By submitting her declaration, along with letters she authored, personal travel information, and other personal information, unrelated to any of the cases pending before the District Judge, Ms. Rohn made herself a witness in the recusal matter. She placed her credibility at issue. The subpoena sought information related to these questions, which is unrelated to the merits of any of the seven cases in which the recusal motions were filed.

---

[7] Similarly, legal commentators have observed that "[f]inal contempt adjudications, imposing sanctions, are deemed appealable as final decisions in all situations other than that of civil contempt against a party to a pending proceeding." 15B Wright & Miller, Federal Practice & Procedure § 3917.

In our view, Ms. Rohn was a nonparty witness when the Magistrate Judge held her in contempt for failing to comply with the requirements of the subpoena. Based on this determination, we have jurisdiction to review the finding of contempt.[8]

### III. Analysis

Defendants moved, pursuant to Fed. R. Civ. P. 45, to hold Ms. Rohn in contempt for failing to comply with the subpoena. Acting upon this motion, the Magistrate Judge held Ms. Rohn in contempt. Magistrate judges are granted contempt authority by statute.[9] 28 U.S.C. § 636(e).[10] Citing

---

[8] Parenthetically, we note that our precedent in <u>Lazy Oil Co. v. WITCO Corp.</u>, 166 F.3d 581, 585-87 (3d Cir. 1999), allows an additional basis to assert jurisdiction over this appeal, given the fact that the District Judge denied the recusal motion on September 8, 2011. In <u>Lazy Oil</u>, we affirmed our prior precedent that authorized our jurisdiction in cases where a premature notice of appeal subsequently ripened into a valid notice of appeal when a final judgment was entered before our consideration of the case. <u>Id.</u> at 585-86.

[9] We note that the contempt authority set forth in Fed. R. Civ. P. 45(e) does not expand a magistrate judge's authority to hold Ms. Rohn in contempt for failing to comply with the subpoena.

[10] Section 636(e)(6) provides in pertinent part that upon commission of an act that constitutes civil contempt, where the magistrate judge is not sitting pursuant to the consent provisions of 28 U.S.C. § 636(c),

28 U.S.C. § 636(e)(7), [11] Ms. Rohn appealed the Magistrate Judge's contempt finding to the District Judge, who, without holding a hearing, issued an order denying the appeal and affirming the order of contempt.

Though arising in a criminal, rather than civil context, the actions of the magistrate judge and district judge in Taberer v. Armstrong World Indus., Inc., 954 F.2d 888 (3d Cir. 1992) closely track the actions of the judges in the case before us. In Taberer, we clarified the scope and extent of a

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6).

[11] Section 636(e)(7) provides that "[t]he appeal of an order of contempt under this subsection shall be made to the court of appeals in cases proceeding under subsection (c) of this section. The appeal of any other order of contempt issued under this section shall be made to the district court."

magistrate judge's contempt authority. We noted that "under the statute, the magistrate judge's certification of facts seems designed to serve the function of a charging instrument or pleading for a trial to be held before the district judge." Id. at 903. We further distinguished between the requirements of section 636(b)(1)(B) which authorizes magistrate judges to conduct hearings and "submit to [a district judge] proposed findings of fact and recommendations for the disposition, by [a district judge], of any motion excepted in subparagraph (A)," 28 U.S.C. § 636(b)(1)(B), and the certification procedure set forth in section 636(e)(6).

In addition to the difference in the procedure, we noted the different role the district judge plays in each of these situations. With respect to section 636(b)(1)(B), a district judge makes a de novo determination, while under section 636(e)(6), a district judge conducts a de novo hearing. Taberer, 954 F.2d at 904. That is,

> [a] de novo determination requires the district judge to "consider the record which has been developed before the magistrate and make his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate." In contrast, a de novo hearing entails a new proceeding at which the decision is based solely on the evidence freshly presented at the new proceeding.

Id. (internal citations omitted) (quoting H.R. REP. NO. 94-1609, at 3 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6163 and citing United States v. Raddatz, 447 U.S. 667, 673-76 (1980)).

13

In the present case, concluding that Rule 45 authorized him to do so, the Magistrate Judge entered an order granting the motion seeking to hold Ms. Rohn in contempt. The Magistrate Judge did not certify any facts to the District Judge, nor did the Magistrate Judge enter an order requiring Ms. Rohn to show cause before the District Judge why she should not be held in contempt. Ms. Rohn appealed this finding to the District Court, citing 28 U.S.C. § 636(e)(7). The District Judge then entered an order, without holding a hearing, affirming the Magistrate Judge's order.

This procedure by both the Magistrate Judge and District Judge clearly violated the procedural requirements set forth in 28 U.S.C. § 636(e)(6). First, the Magistrate Judge did not certify the facts to the District Judge. Second, the District Judge did not hold a hearing. Ms. Rohn's appeal, filed pursuant to 28 U.S.C. § 636(e)(7), did not change the procedural requirements of § 636(e)(6). Although Ms. Rohn's § 636(e)(7) appeal may have also been filed in error procedurally, the first violation of § 636(e)(6) precedes her error and must be rectified.

The language of the statute makes it clear that appeals authorized by § 636(e)(7) are only available from contempt orders entered by a magistrate judge. The instances where a magistrate judge may enter a contempt order are set forth in § 636(e)(2), (3), and (4). Specifically, § 636(e)(2) authorizes a magistrate judge "to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice." Section 636(e)(3) extends this criminal contempt authority to include "any case in which a United States magistrate judge presides with the consent of

14

the parties under subsection (c) of this section, and in any misdemeanor case proceeding before a magistrate judge under section 3401 of title 18," by granting the magistrate judge "the power to punish, by fine or imprisonment, or both, criminal contempt constituting disobedience or resistance to the magistrate judge's lawful writ, process, order, rule, decree, or command." Finally, § 636(e)(4) authorizes a magistrate judge to "exercise the civil contempt authority of the district court" in civil cases where the magistrate judge is presiding by consent of the parties pursuant to 28 U.S.C. § 636(c) or in criminal cases where the magistrate judge is presiding pursuant to the authority of 18 U.S.C. § 3401.

The facts adduced here do not fall within the ambit of § 636(e)(2), (3), or (4). Therefore, the Magistrate Judge's contempt order was invalid and the District Judge erred in affirming the order.

In 2000, subsequent to our decision in Taberer, Congress amended § 636(e). The amendments to § 636(e), while expanding magistrate judges' contempt authority, did not impact the certification procedure we addressed in Taberer. That procedure continues to be required in this case. The statute does not grant the Magistrate Judge the authority to enter a contempt order since the action complained of did not fall within the definitions set forth in 28 U.S.C. § 636(e)(2), (3), or (4). Ms. Rohn's actions occurred outside of the Magistrate Judge's presence, and not in a proceeding where the Magistrate Judge was presiding with the consent of the parties pursuant to § 636(c). Instead, the Magistrate Judge was overseeing pretrial proceedings, pursuant to § 636(b)(1)(A). Therefore, the Magistrate Judge should have certified the facts of the alleged contempt to the District

15

Judge, who in turn should have held a hearing to determine those facts.

## IV.  Conclusion

For the reasons set forth above, we find that we have jurisdiction to hear this case.  We will remand the case so that the Magistrate Judge and District Judge can proceed in accordance with the requirements of 28 U.S.C. § 636(e)(6).[12]

---

[12] Ms. Rohn urges us to reverse and remand with instructions that contempt is inappropriate based on the facts of the case. Neither the Magistrate Judge nor the District Judge found any facts with respect to Ms. Rohn's alleged contempt.  As such, there are no facts upon which we may base a decision.  We simply cannot say, based on the scant record, what the ultimate resolution of this matter could or should be.  We can only remand in order for the District Court to follow the certification procedure set forth in 28 U.S.C. § 636(e)(6).