**YAKOWICZ, Marion, Appellant,**

**v.**

**COMMONWEALTH OF PENNSYLVANIA and Howard A. Cohen, Secretary of Revenue, Commonwealth of Pennsylvania, and Leon D. Boncarosky, Director, Bureau of Personnel, Commonwealth of Pennsylvania, and Bruce Sarteschi, Director of Personnel, Department of Justice, Commonwealth of Pennsylvania, Former Director of Bureau of Personnel, Commonwealth of Pennsylvania, Justice Department, Appellees.**

No. 81–2981.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 24, 1982.

Decided July 19, 1982.

Melvin Rubin, Ardmore, Pa., for appellant.

Leroy S. Zimmerman, Atty. Gen., Mary Ellen Krober, Allen C. Warshaw, Deputy Attys. Gen., Chief, Special Litigation Section, Harrisburg, Pa., for appellees.

Before GARTH and BECKER, Circuit Judges, and FULLAM *, District Judge.

_____

* Honorable John P. Fullam, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

## OPINION OF THE COURT

GARTH, Circuit Judge.

In this sex discrimination case we are presented with the question whether 28 U.S.C. § 1291 vests this court with jurisdiction over an appeal from a district court order which denied an interim award of attorney's fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k). Because the district court's order neither was "final" in the usual sense of a full disposition of all the parties' claims on the merits, nor was it "final" in terms of the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Co.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), we will grant the appellees' motion to dismiss the appeal.

### I.

Up until March 23, 1979, Marion Yakowicz was employed by the Legal Division of the Pennsylvania Department of Revenue ("the Department") as an "Administrative Assistant I." On that date, the Department downgraded her classification to that of "Clerk III," stating that it was taking that action because the tasks that Yakowicz was required to perform were primarily clerical rather than administrative.

Yakowicz objected to the reclassification immediately, filing a grievance on March 23, 1979, pursuant to a collective bargaining agreement in effect at that time. Several days later, on April 2, 1979, she filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") charging that her classification had been downgraded because of her sex. The PHRC referred Yakowicz's complaint to the federal Equal Employment Opportunity Commission ("EEOC"). After the required period of time had passed without action by the EEOC, the United States Department of Justice informed Yakowicz of her right to bring a federal civil rights action under Title VII. Accordingly, on October 3, 1980, Yakowicz filed a complaint in federal district court alleging that the defendants— the Secretary of Revenue of the Commonwealth of Pennsylvania and various other officials responsible for personnel decisions [1] —had demoted her "not on the basis of

_____

1. The defendants-appellees will be referred to in this opinion as "the Commonwealth."

[lack of] merit or performance or any other valid criteria, but on the basis of plaintiff's sex." Complaint ¶ 13, Appendix at 13.

In essence, Yakowicz's complaint charged that her work was at least as complex and administrative in content as work performed by men in the Department, but that her work was deemed "clerical" simply because she was a woman. Claiming "a loss in pay, a loss in job classification, loss of status, loss of potential for promotion, and a degrading of her outstanding record of employment," Yakowicz sought an order

(a) directing defendants to reinstate plaintiff as an Administrative Assistant I;

(b) awarding plaintiff all pay lost by her as a result of her demotion;

(c) directing defendants to restore to plaintiff her right to perform the tasks she previously had authority to perform;

(d) directing defendants to restore plaintiff to the same status with regard to promotion she would have had but for the sex discrimination;

(e) enjoining defendants from any further discrimination against plaintiff;

(f) granting plaintiff such further relief as the court deems appropriate.

Complaint, ¶ 16, Appendix at 14.

The sequence of events that followed the filing of Yakowicz's complaint in federal district court is a matter of dispute between the parties. According to Yakowicz, once discovery had begun, the parties entered into settlement negotiations. While the Commonwealth objected to any admission of sex discrimination, the parties eventually did agree to arbitrate Yakowicz's claim before the arbitration panel that had been set up under the terms of the collective bargaining agreement. The arbitration decision would not be binding on either party, they agreed, but if Yakowicz prevailed before the arbitration panel and the Commonwealth agreed to implement the arbitration panel's recommendation in such a way that Yakowicz was "made whole, including payment of her counsel fees, then this litigation could end since [Yakowicz] would have achieved all that she sought by virtue of this suit." Appellant's Brief at 13.

Pursuant to this understanding, a hearing was held before the arbitration panel on May 28, 1981, and on June 19, 1981, the panel decided in Yakowicz's favor, determining that on the basis of her duties, she should be classified as an "Administrative Assistant I" rather than as "Clerk III." Finally, on June 30, 1981, the Commonwealth decided to implement the panel's recommendation by retroactively reinstating Yakowicz to her former position. Thus, "as of August 21, 1981, plaintiff has been fully reinstated. Any pay, benefits or seniority which may have been affected by her reclassification have been restored as though the classification had never changed. Her employment history, maintained on defendants' computer, now contains no indication that she had been reclassified as Clerk III." Appellant's Brief at 13.

The Commonwealth presents a sharply contrasting picture of the events that culminated in Yakowicz's reinstatement to her former position. According to the Commonwealth, the grievance procedure that Yakowicz had set in motion by filing her grievance on the day she was demoted, was moving apace through the various steps set out in the collective bargaining agreement until the final stage of the procedure eventually was reached—a hearing before the arbitration panel on May 28, 1981, with a decision rendered in Yakowicz's favor on June 19, 1981. Arbitration decisions such as the one rendered in the present case, the Commonwealth asserts, are not binding on the Commonwealth; normally, however, the Commonwealth does implement such decisions, and it decided to do so in Yakowicz's case on June 30, 1981. In any event, the Commonwealth strenuously objects to any assertion that "but for the existence of the Title VII action, the Commonwealth would not have implemented what was admittedly non-binding arbitration." Appellees' Brief at 19. Noting that Yakowicz was represented at the arbitration hearing not by her Title VII counsel, but rather by a union representative, the Commonwealth argues that the issues decided by the arbitration panel and the issues posed in the Title VII action are distinct; the arbitration panel's decision turned on whether the *reclassification* was proper on the facts of Yakowicz's case, whereas the Title VII action concerns the question whether the reclassification was done because Yakowicz is a woman.[2] Indeed, the Commonwealth as-

---

2. The Commonwealth also argues that the grievance procedure focused on whether the demotion was accomplished by the proper procedures—that is, on *how* the demotion was

serts that the only effect the filing of the Title VII action had on the grievance procedures, was to cause the Commonwealth to consider departure from its normal policy of implementing the panel's recommendation because Yakowicz had filed a Title VII complaint—a course of action which, as noted, the Commonwealth wisely rejected.

At any rate, after Yakowicz had been restored by the Commonwealth to her former position of Administrative Assistant I, she filed a "Motion for Partial Summary Judgment" on September 3, 1981. In that motion, Yakowicz sought an interim award of attorney's fees in the amount of $15,-275.00 on the ground that she was "a 'prevailing party' with regard to that portion of her case which relates to reclassification since the defendants have voluntarily acted to grant her the relief requested as a result of her bringing this action under Title VII." Motion for Partial Summary Judgment, ¶ 22, Appendix at 34.

In a memorandum and order dated October 28, 1981, the district court denied the motion. The district court stated that it "recognize[d] that attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e–5(k) in the absence of a formal judgment, and prior to the ultimate conclusion of a civil action," Appendix at 48 (citations omitted), but found that such an award would be

inappropriate in the circumstances of this case. In contrast to those cases in which attorney's fees were awarded on an interim basis, the district court found

> no evidence that this case will result in protracted litigation or that the outcome of the grievance proceedings is a sufficiently significant and discrete unit in this action. Although Plaintiff has obtained part of the relief she sought, the remaining claims also are based upon her allegations of sex discrimination, and thus, she is not entitled to an interim award of attorney's fees.

*Id.* at 49.

On November 16, 1981, Yakowicz took an appeal from the denial of her motion. On December 17, 1981, the Commonwealth filed a motion in this court to dismiss her appeal.

## II.

As the court below recognized, there can be little doubt as to the power of a district court to issue an interim order directing payment of attorney's fees under section 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k),[3] in cases of protracted litigation where a party's ability to obtain redress for a civil rights violation would be imperiled without such an award.[4] The

decided upon and carried out—whereas the Title VII action focuses on whether the demotion was undertaken because of Yakowicz's sex—that is, on *why* she was demoted. Appellees' Brief at 12 n.2.

**3.** That section provides that "[i]n any action or proceeding under [Title VII] ... the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorney's fee as part of the costs ...."

**4.** Though there appears to be no Third Circuit case directly on point, *see Hughes v. Repko*, 578 F.2d 483, 487 n.6 (3d Cir. 1978) (declining to "determine in what circumstances an award of attorney's fees under [42 U.S.C. § 1988, which is identical to § 706(k)] ... prior to the entry of final judgment might be proper"), we note that the legislative history to the Civil Rights Attorney's Fees Awards Act of 1976, which provided for attorney's fees to prevailing parties in civil rights cases, explicitly contemplates the awarding of interim attorney's fees:

> In appropriate circumstances, counsel fees ... may be awarded pendente lite. Such awards are especially appropriate where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on all issues. Moreover, for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief.

S.Rep. No. 1011, 94th Cong., 2d Sess. [1976 U.S.Code Cong. & Ad.News 5908, 5912] (citations and footnote omitted). *See also* H.R.Rep. No.1558, 94th Cong., 2d Sess. at 8, *reprinted in* Staff of Senate Subcomm. on Constitutional Rights, Comm. on the Judiciary, Civil Rights Attorney's Fees Awards Act of 1976: Source Book: Legislative History, Texts, and Other Documents Comm. Print 1976), at 216 ("the word 'prevailing' is not intended to require the entry of a *final* order before fees may be recovered") (emphasis in original).

power of the district court to grant interim attorney's fees as to some significant and relatively discrete portion of a case,[5] such as the liability phase, is in no way undermined by the fact that a formal, final judgment in favor of the plaintiff has not yet been rendered,[6] just as the district court's power to grant attorney's fees when the litigation has come to an end is not negated by the fact that the plaintiff technically was not the judgment-winner, but rather prevailed "through arbitration, . . . settlement, administrative action, or other change in the defendants' conduct" that resulted from the bringing of the civil rights action.[7]

The fact that the district court has discretion under section 706(k) to award attorney's fees on an interim basis in appropriate circumstances, however, by no means implies that an order granting or refusing to grant interim attorney's fees is necessarily appealable. The reason for this is simple: this court's appellate jurisdiction is determined by 28 U.S.C. § 1291, not by section 706(k), and section 1291 limits review to "final" orders.[8] Thus, we cannot even consider whether the district court's order denying Yakowicz's motion for interim attorney's fees was proper unless we can first determine that the order is "final" for purposes of section 1291. In the circumstances of this case, however, we can find no basis for deeming the district court's denial of interim attorney's fees to be a final order.

## A.

It is obvious that an order denying *interim* attorney's fees is not an order "which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Yakowicz therefore contends that the district court's order falls within "that small class [of orders] which finally determine claims of right separable from, and

To be sure, this legislative history does not specifically concern Title VII, but significantly, the Senate Report took pains to emphasize that the Civil Rights Attorney's Fees Awards Act of 1976 "create[d] no startling new remedy." 1976 U.S.Code Cong. & Ad.News at 5913. Given that 42 U.S.C. § 1988 and § 706(k) of Title VII are worded identically, and are "similar in purpose and design," *Sullivan v. Commonwealth of Pennsylvania Department of Labor and Industry*, 663 F.2d 443, 447 n.4 (3d Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982), the clear availability of interim attorney's fees under § 1988 is a strong argument for their availability under § 706(k). *See James v. Stockham Valves and Fittings Co.*, 559 F.2d 310, 359 n.63 (5th Cir. 1977), *cert. denied*, 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978).

**5.** *See, e.g., Smallwood v. National Can Co.*, 583 F.2d 419, 421 (9th Cir. 1978); *James v. Stockham Valves & Fittings Co.*, 559 F.2d 310, 358–59 (5th Cir. 1977), *cert. denied*, 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978); *Louisville Black Police Officers Organization, Inc. v. City of Louisville*, 511 F.Supp. 825, 841 (W.D.Ky. 1979); *Westfall v. Board of Commissioners*, 477 F.Supp. 862, 867–69 (N.D.Ga.1979); *Nicodemus v. Chrysler Corp.—Toledo Machining Plant*, 445 F.Supp. 559 (N.D.Ohio 1977). *Cf. Grubbs v. Butz*, 548 F.2d 973, 976–77 (D.C.Cir. 1976) (dictum).

**6.** Indeed, even under § 718 of Title VII of the Emergency School Aid Act, 20 U.S.C. § 1617, which—unlike § 706(k) of the Civil Rights Act—expressly requires that a "final order" be entered before attorney's fees may be awarded, the Supreme Court has noted that "the entry of *any* order that determines substantial rights of the parties may be an appropriate occasion upon which to consider the propriety of an award of counsel fees in school desegregation cases," whether or not it is "the last order possible to be made in a case." *Bradley v. Richmond School Board*, 416 U.S. 696, 723 n.28, 94 S.Ct. 2006, 2022 n.28, 40 L.Ed.2d 476 (1974) (emphasis supplied).

**7.** *Sullivan v. Commonwealth of Pennsylvania Department of Labor and Industry*, 663 F.2d 443, 449 (3d Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982).

**8.** 28 U.S.C. § 1291 provides:

The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

Yakowicz does not—correctly, in our view—contend that the district court's order is appealable under any provision of 28 U.S.C. § 1292. The district court did not deny injunctive relief, nor was certification either sought or granted under either § 1292(b) or Fed.R.Civ.P. 54(b).

collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated," *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).[9]  We cannot agree.

■  In *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), the Supreme Court emphasized that the "finality requirement in § 1291 evinces a legislative judgment that '[r]estricting appellate review to "final decisions" prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy.' "  *Id.* at 471, 98 S.Ct. at 2459 (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974)).  Consequently, the Court emphasized, the "collateral order" doctrine set out in *Cohen* must be narrowly construed.  For an otherwise nonappealable order to be deemed "final" under the collateral order doctrine of *Cohen*,

> the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, *and* be effectively unreviewable on appeal from a final judgment.

437 U.S. at 468, 98 S.Ct. at 2457 (emphasis supplied).[10]  All three of these criteria, moreover, must be satisfied for the collateral order doctrine to apply.  It is fatal to appealability under *Cohen* if even one of the three requirements is not met.

Looking to the first of the *Cohen* criteria, we fail to see how the district court's order could be said to have conclusively determined the question of attorney's fees.  The district court's order did not decide, once and for all, that Yakowicz was not entitled to an award of attorney's fees in connection with her Title VII action.  On the contrary, it imposed not the slightest bar to an eventual determination that Yakowicz is entitled to such an award, should the district court conclude at some future point that an award of attorney's fees is appropriate under the statute.  As the Commonwealth aptly puts it, "[i]n handing down the interim order herein [the district court] merely decided that plaintiff's counsel was not entitled to attorney's fees *at this juncture and on this record*."  Appellee's Brief at 12 (emphasis in original).

Although, as we have noted, the failure to meet the first of the three *Cohen* criteria renders the collateral order doctrine inapplicable to the present case, we note that the third *Cohen* criterion—whether the order will be effectively unreviewable at the end of the litigation—also weighs against appellate review of the district court's order of October 28, 1981.  Once the district court has passed on the merits of the issues presented by Yakowicz's Title VII action, Yakowicz can move for an award of attorney's fees.  At that point, the district court can finally determine one way or the other, whether Yakowicz is entitled to attorney's fees, and whichever party is aggrieved by the district court's decision in that respect can then seek appellate review.

We recognize, of course, that from one perspective, that review might not appear fully effective.  The argument could be made that the question of the right to *inter-*

---

**9.**  In *Cohen*, a diversity action, the district court refused to order the plaintiff in a stockholder's derivative action to post the security which state law required in such cases.  Without waiting for a final judgment on the merits of the stockholder's action, the defendant took an immediate appeal.  Holding that the district court's order "did not make any step toward final disposition of the merits of the case and will not be merged in final judgment," and observing that by the time final judgment was rendered, "it will be too late effectively to review the present order, and the rights con-

ferred by the statute ... will have been lost, probably irreparably," the Supreme Court held the order appealable.  *See* 337 U.S. at 546, 69 S.Ct. at 1225.

**10.**  Moreover, in this Circuit the collateral order doctrine has always been construed narrowly, "lest the exception swallow up the salutary general rule" that only final orders may be appealed.  *Rodgers v. United States Steel Corp.*, 541 F.2d 365, 369 (3d Cir. 1976).  *See also Borden Co. v. Sylk*, 410 F.2d 843, 845–46 (3d Cir. 1969).

*im* attorney's fees cannot by its very nature be reviewed once a *final* order, fully disposing of all the claims, has been made. Such an argument would have persuasive force if section 706(k) established two distinct classes of attorney's fees, "interim attorney's fees" and "attorney's fees awarded upon final judgment," and vested in the "prevailing party" a right to each. Section 706(k), however, does nothing of the sort. It merely gives the district court the discretion to award attorney's fees to the prevailing party. In exercising that discretion, the district court has the same broad powers with respect to timing and other considerations that it has generally in the management of the cases before it as they proceed through the various stages before and during trial. As part of that discretion, the district court may issue an order denying attorney's fees on a temporary basis, subject to later reconsideration. Ordinarily such an order is no more "final" for purposes of appeal than is any other interlocutory order the district court may issue during the course of the proceedings before it.

Because at least two of the three *Cohen* criteria have not been met in this case, we find it unnecessary to reach the question of whether the district court's order of October 28, 1981, would satisfy the second criterion, which requires that the order be "completely separate from the merits of the action," *Coopers & Lybrand v. Livesay*, 437 U.S. at 468, 98 S.Ct. at 2457.[11]

---

**11.** Two members of the panel would deem the second criterion to have been satisfied in this case, on the authority of *White v. New Hampshire Dep't of Employment Security*, —— U.S. ——, 102 S.Ct. 1162, 71 L.Ed.2d 325 (U.S.1982) (motion for attorney's fees raises legal issues "collateral to" and "separate from" the merits of the main cause of action, and so need not be made within the 10-day period allowed by Fed. R.Civ.P. 59(e) for motions to alter or amend judgment).

The author of this opinion feels otherwise, as he believes that the references in *White* to attorney's fees as an issue "separate from" and "collateral to" the merits case are relevant solely in the context of a final order, and not in a situation in which a request for an interim award of attorney's fees is made before final judgment has been rendered.

**B.**

Our holding that the district court's order of October 28, 1981, denying an interim award of attorney's fees, is not appealable is bolstered by two recent Court of Appeals cases holding that orders granting attorney's fees under 42 U.S.C. § 1988 are not appealable under section 1291. *Hastings v. Maine-Endwell Central School District*, 676 F.2d 893 (2d Cir. 1982); *Ruiz v. Estelle*, 609 F.2d 118 (5th Cir. 1980). In *Ruiz v. Estelle*, the district court had granted plaintiffs an interim award of attorney's fees; without waiting for final judgment, the defendants took an immediate appeal. The Fifth Circuit firmly rejected the defendants' efforts to bring their appeal of the interim award of attorney's fees within the scope of the collateral order doctrine:

> The attorneys' fee order here did not conclusively determine the issue; it was manifestly subject to later reconsideration by the court. Counsel in whose favor the award was made has now returned to the litigation and participated in the trial on the merits. All of the parties agree that at least some components of the award are subject to reconsideration on determination of the merits, e.g. services rendered incident to class certification. Moreover, all of the issues affecting the propriety of the award may appropriately be reviewed after the final judgment is rendered.

*Id.* at 119.[12] Similarly, in *Hastings* an interim award of attorney's fees had been

---

Inasmuch as the entire panel agrees that the *Cohen* criteria are conjunctive, and that the failure to meet even one of the three criteria undermines appealability under the collateral order doctrine, the disagreement among the panel members as to the application of the second *Cohen* criterion in no way affects our holding that the district court's order of October 28, 1982, is not appealable.

**12.** We note, moreover, that *Smallwood v. National Can Co.*, 583 F.2d 419 (9th Cir. 1978), and *James v. Stockham Valves and Fittings Co.*, 559 F.2d 310 (5th Cir. 1977), *cert. denied*, 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978), in which the Ninth and Fifth Circuits had occasion to rule on the merits of the question of interim attorney's fees before final judgment had been reached, are not to the contrary.

granted to the plaintiffs in connection with injunctive relief they had obtained against the school district under 42 U.S.C. § 1983. The school district appealed that award, and the Second Circuit held that the grant of interim attorney's fees under section 1988 affords no jurisdictional basis for appellate review.[13]

Further, while we are aware of no Third Circuit case directly on point, we find this court's decision in *Eastern Maico Distributors, Inc. v. Maico-Fahrzeugfabrik, G.m. b.H.*, 658 F.2d 944 (3d Cir. 1981), to be highly significant. In that case, Eastern Maico sued Maico-Fahrzeugfabrik ("Maico") over Maico's alleged breach of a distributorship agreement. In the course of discovery, the district court, among other actions taken, granted a motion by Eastern Maico for sanctions against Maico under Fed.R.Civ.P. 37(b),[14] ordering Maico to pay Eastern Maico a considerable sum of money for attorney's fees and expenses in connection with the discovery and the motions for sanctions. Maico sought to appeal that order even though no final judgment in the case had

been entered, and this court dismissed the appeal. *See Eastern Maico Distributors*, 658 F.2d at 945–46.

In holding that "sanctions [including an award of attorney's fees] for violation of discovery orders are ... interlocutory and not immediately appealable," *id.* at 947, this court observed in *Eastern Maico Distributors* that the disputed order did not satisfy all the requirements of *Cohen* as articulated in *Coopers & Lybrand*:

As to the second criterion, the discovery activity at issue here is not completely collateral to the underlying action. In order to address the question whether the documents requested by plaintiffs were truly relevant, we would have to consider the charges against the defendants and reach some conclusion as to the relative importance of the discovered material. The orders in the present situation also fail the third requirement, for they will be fully reviewable on appeal from final judgment: the parties to the order will still be before the court, and retain the same interest in challenging the order as

In *Smallwood*, the district court entered an injunction against one of the defendants in a civil rights action and awarded the plaintiff attorney's fees in connection with the granting of the injunction. The defendant took an appeal from this order even though other claims against it and against the other defendants remained to be decided, and on appeal, the defendant contested the propriety of awarding interim attorney's fees. Given that it was an injunction that was being challenged, the appeals court there had jurisdiction by virtue of 28 U.S.C. § 1292(a). The fact that the Ninth Circuit reached the merits of the interim attorney's fees issue thus in no way leads to the conclusion that an order granting or denying interim attorney's fees is a "final decision."

In *Stockham Valves*, another civil rights action, the district court had entered final judgment in favor of the defendants based on its findings of fact. On appeal, the Fifth Circuit held the district court's findings of fact to be clearly erroneous, found that the defendants had been engaged in discriminatory practices, and remanded the case for hearings on damages. Noting that "the litigation has [already] consumed more than eleven years," and having determined that the plaintiffs had prevailed on a substantial portion of the case—the question of liability—the Fifth Circuit ordered the district court on remand "to award interim fees to the plaintiffs covering all pre-trial, trial, and

appellate work by their attorneys." 559 F.2d at 359. Because what was appealed in *Stockham Valves* was the district court's final judgment in favor of the defendants, that case also provides no support for the proposition that an order granting or denying interim attorney's fees is a "final" order.

13. While, as we have stated, we find support for our holding in the decisions of the Second and Fifth Circuits, we note that both *Hastings* and *Ruiz* were concerned with the appealability of orders *granting* interim attorney's fees—a matter on which this court has not ruled. In the present case, of course, the district court *denied* the motion for interim attorney's fees. Because an order granting interim attorney's fees may give rise to different considerations from those presented by an order denying such fees, we express no view on whether a grant of interim attorney's fees is appealable.

14. 14 Fed.R.Civ.P. 37(b) provides in part that if a party fails to obey a discovery order,

the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances made an award of expenses unjust.

they have today. In such a case, the *Cohen* collateral order exception by its own terms does not apply.

*Id.* (citations and footnote omitted).[15] *Accord, Alart Associates, Inc. v. Aptaker*, 402 F.2d 779 (2d Cir. 1968) (award of attorney's fees and costs as sanction under Rule 56(g) is an interlocutory order).

Here, as we have discussed, the *Cohen* test is not satisfied. The question of attorney's fees was decided only on an interim basis and not a final one; when the district court does finally decide whether to award attorney's fees, moreover, that decision will be effectively reviewable on appeal.[16] Thus we conclude that the district court's order of October 28, 1981, refusing to grant Yakowicz an interim award of attorney's fees, is not a "final order" and so is not appealable under 28 U.S.C. § 1291.

### III.

Yakowicz also argues that even if orders granting or denying interim attorney's fees are not generally appealable, this case presents the exceptional circumstances in which such an appeal should nevertheless be allowed. We cannot agree. The record before us is not exceptional. There is no evidence or indication that failing to award interim attorney's fees will result in forced abandonment of Yakowicz's action by her counsel. Nor is this case unusual in the projected length of its duration. Indeed, the district court specifically found that there is "no evidence that this case will result in protracted litigation." Appendix at 49. Thus, we are satisfied that the mere denial of an interim award of attorney's fees will have no practical effect, let alone any final effect, on this proceeding.

### IV.

Accordingly, we will grant the Commonwealth's motion to dismiss the appeal for lack of an appealable order. Costs will be taxed in favor of the Commonwealth.

---

15. The court did not reach the issue of whether the first criterion was satisfied, confining itself to the observation that "while the order may conclusively determine the 'disputed question' of the sanctions," it was clear that the other criteria had not been met. 658 F.2d at 947.

16. In support of her contrary argument that the district court's order of October 28, 1981, is "final," Yakowicz relies principally on three cases, none of which is controlling in our view. The first case, *Knapp v. Bankers Securities Corp.*, 230 F.2d 717 (3d Cir. 1956), is simply a straightforward application of the *Cohen* rule: *Knapp* merely held that an order refusing to require plaintiffs in a stockholder derivative action to post security is appealable under § 1291. In the second case, *Preston v. United States*, 284 F.2d 514, 515 n.1 (9th Cir. 1960), the court held that "[a]n attorney may himself appeal from a decision awarding or denying him fees as long as the original action to which the question of fees is ancillary, properly evokes the jurisdiction of the federal courts.... The orders appealed from seem to us to fall within the sweep of *Cohen v. Beneficial Industrial Loan Corp.* ..." Without commenting in any way on the merits of *Preston*, we fail to see its relevance to the present appeal; Yakowicz's counsel is not taking an appeal himself.

The third case, *United States v. Baker*, 603 F.2d 759 (9th Cir. 1979), is also distinguishable. In that criminal proceeding, the Ninth Circuit held appealable two orders of the district court, one rendered before trial and one after, requiring the United States to pay for attorney's fees and other expenses incurred by the defendants' counsel in taking the depositions of two witnesses in a foreign country. In holding the orders to be appealable, the court observed that they had finally determined the issue of attorney's fees in connection with the deposition. Noting that the jury had acquitted one of the defendants, moreover, the court observed that "the government, in the event that this Court were to determine that the orders are not appealable, would be denied review as to the award of attorney fees to ... [that defendant's] counsel." *Id.* at 761. As we have discussed in text above, however, neither of these two circumstances is present in the instant case.