**Joyce C. MORGAN, Plaintiff-Appellant,**

v.

**KOPECKY CHARTER BUS COMPANY
and Ken Kopecky,
Defendants-Appellees.**

No. 81–5833.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 26, 1984.

Decided May 1, 1985.

Joyce C. Morgan, Elizabeth Schulman, Schulman & Schulman, San Diego, Cal., for plaintiff-appellant.

Robert W. Bell, Jr., San Diego, Cal., for defendants-appellees.

Appeal from the United States District Court for the Southern District of California.

\* Honorable Terry J. Hatter, Jr., United States District Judge, Central District of California,

Before WALLACE and NORRIS, Circuit Judges, and HATTER,\* District Judge.

WALLACE, Circuit Judge:

Morgan appeals from the district court's order appointing counsel in this Title VII case without providing for attorneys' fees and expenses on behalf of her counsel, Schulman. We dismiss the appeal.

I

For part of 1979, Morgan worked as a bus driver for the Kopecky Charter Bus Company (Kopecky) in San Diego. Kopecky discharged her on November 25, 1979. After her discharge, she filed an employment discrimination claim with the Equal Employment Opportunity Commission (EEOC). The EEOC investigated Morgan's claim of sex discrimination, made a cause determination in her favor, and issued a right-to-sue letter. Morgan, proceeding *in propria persona,* then sued Kopecky under Title VII, 42 U.S.C. §§ 2000e to 2000e–17.

After filing suit, Morgan sought an attorney. She contacted a number of San Diego attorneys, only four of whom expressed any willingness to represent her, including the real party in interest to this action, Schulman. These attorneys, however, were unwilling to represent her strictly on a contingency fee basis, requiring instead either a continuing payment of fees or an advance retainer.

Morgan, however, was financially unable to meet either continuing or advance obligations. Morgan requested the district court to appoint counsel for her and to authorize federal funds for the payment of attorneys' fees and costs. The district court denied the motion. Morgan appealed.

During the pendency of Morgan's appeal, we decided *Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301 (9th Cir. 1981) (*Bradshaw II*). Shortly after our

sitting by designation.

decision, Morgan asked the district court for a stay of proceedings pending appeal of its order denying appointment of counsel and authorization of funds for fees and costs. At the hearing on this motion, the district court appointed Schulman as Morgan's attorney. Schulman, who had assisted Morgan in some of her *in propria persona* efforts and made a special appearance for Morgan at motion hearings, refused to serve unless compensated. The district court ordered the appointment over her protest, then granted a stay of further proceedings for thirty days to permit an appeal from the order. Morgan, with Schulman acting as her attorney and the first appeal still pending, timely filed a second appeal.

We vacated and remanded the first appeal in light of *Bradshaw II*. We dismissed the second appeal because the filing of the first notice of appeal had divested the district court of jurisdiction to amend its order. On remand, now with jurisdiction, the district court reappointed Schulman as Morgan's counsel, to serve without compensation unless Morgan prevails on the merits. This third appeal was then submitted to us on the basis of the second appeal's briefs and oral arguments.

The issue before us is narrow. Morgan does not challenge the district court's power to appoint involuntary counsel under 42 U.S.C. § 2000e–5(f)(1)(B), and therefore the statutory or constitutional questions relating to it are not before us. *Cf. Bradshaw v. United States District Court*, 742 F.2d 515, 518–19 (9th Cir.1984) (*Bradshaw III*) (assuming without deciding that this power exists). Moreover, although Morgan initially challenged the failure to provide for fees under the prohibition against involuntary servitude under the thirteenth amendment, she has abandoned that argument on appeal, and that issue also is not before us. *See, e.g., Bradshaw III*, 742 F.2d at 517 & n. 2; *Brooks v. Central Bank of Birmingham*, 717 F.2d 1340, 1342–43 (11th Cir.1983) (per curiam); *White v. United States Pipe & Foundry Co.*, 646 F.2d 203, 205–07 (5th Cir.1981); *cf. United States v. Dillon*, 346 F.2d 633, 635–36 (9th Cir.1965) (involuntary noncompensable appointments not violative of due process), *cert. denied*, 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966) (*Dillon*).

## II

This appeal, now properly before us, initially presents a jurisdictional question. We must decide whether a Title VII plaintiff may take an interlocutory appeal from the denial of a motion, made at the outset of a lawsuit, for funds to pay involuntarily appointed counsel a reasonable fee from public funds. In *Bradshaw II*, we concluded that the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (*Cohen*), permitted an appeal from an order denying the appointment of counsel under Title VII, 42 U.S.C. § 2000e–5(f)(1)(B). *Bradshaw II*, 662 F.2d at 1306.

*Cohen* permits appeals from a small class of orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225. In *Bradshaw II*, we concluded that an order denying the appointment of counsel satisfied the three *Cohen* criteria, as restated in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (*Livesay*): (1) it conclusively determined a disputed question; (2) it resolved an issue distinct from the merits; and (3) it would be effectively unreviewable on appeal from a final judgment. *Bradshaw II*, 662 F.2d at 1306–14.

We conclude that the rationale of *Bradshaw II* does not extend to this case. The question of fees *pendente lite* is conceptually distinct from the denial of the appointment of counsel for appealability purposes. The district court's denial of fees at this stage fails to satisfy two of the *Cohen* factors: it does not conclusively determine

the fees issue, and it is effectively reviewable on appeal from a final judgment.

In *Yakowicz v. Pennsylvania*, 683 F.2d 778 (3d Cir.1982) (*Yakowicz*), the Third Circuit concluded that an order granting or denying interim fees under Title VII is not appealable. *See id.* at 782–84. The court held that the failure to grant interim fees failed the first prong of the collateral order test: it did not conclusively determine the question of attorneys' fees. *Id.* at 783. The court concluded that because fees were still available in the district court if the plaintiff prevailed on the merits, the issue was still open. *Id.* We agree. Morgan, if she prevails, may petition the district court for fees at the close of the case, including all fees and costs incurred during the pendency of the litigation. 42 U.S.C. § 2000e–5(k).

Similarly, we agree with the Third Circuit's analysis that the denial of interim fees is effectively reviewable upon appeal. The district court, once matters are adjudicated, can determine whether Morgan is entitled to fees, and the losing party on that issue may appeal the result at that time. *See Yakowicz*, 683 F.2d at 783.

> The argument could be made that the question of the right to *interim* attorney's fees cannot by its very nature be reviewed once a *final* order, fully disposing of all the claims, has been made. Such an argument would have persuasive force if section 706(k) [42 U.S.C. § 2000e–5(k)] established two distinct classes of attorney's fees, "interim attorney's fees" and "attorney's fees awarded upon final judgment," and vested in the "prevailing party" a right to each. Section 706(k), however, does nothing of the sort. It merely gives the district court the discretion to award attorney's fees to the prevailing party.

*Id.* at 783–84 (emphasis in original). We agree with this analysis and conclude that, because the issue of fees remains open, and because the issue is effectively reviewable upon appeal, the third *Cohen* criteria has not been demonstrated.

"[T]he 'collateral order' doctrine set out in *Cohen* must be narrowly construed." *Id.* at 783. To qualify under *Cohen*, an appellant must demonstrate that all three criteria are met. *See Livesay*, 437 U.S. at 468, 98 S.Ct. at 2457. Because two of the three criteria are not met in this case, we hold that the order of the district court is not appealable.

This result does not conflict with *Bradshaw II* because, in that case, the district court had conclusively determined the question of appointed counsel. That issue could never be reopened in the district court. Moreover, the denial of appointed counsel raised the specter of a pro se plaintiff unable to obtain a full and fair hearing of her civil rights complaints. No such prejudice is presented here. Nor can we accept the argument that the quality of · representation might deteriorate because it must proceed on a pro bono basis. *See Bradshaw III*, 742 F.2d at 518–19 (recognizing the general obligation to undertake such cases pro bono); *Dillon*, 346 F.2d at 636–38 (recognizing the historical obligation to undertake pro bono representation).

Our result, moreover, does not conflict with existing precedent that has found the denial of fees appealable in some circumstances. In *In re Derickson*, 640 F.2d 946, 948 (9th Cir.1981) (per curiam), we concluded that an order denying fees under the Criminal Justice Act, 18 U.S.C. § 3006A, was appealable under *Cohen*. In that case, however, the district court had made its final decision about fees *after a final judgment*. *See id.* at 947–48. Therefore, the *Cohen* exception actually was not required. Although in *Smallwood v. National Can Co.*, 583 F.2d 419 (9th Cir.1978), we reviewed an interim fee order prior to final judgment, we did so on an appeal from an injunction, thereby vesting this court with jurisdiction under 28 U.S.C. § 1292(a)(1). *See id.* at 420–21. Moreover, the fees in that case were only fees incurred on the injunction proceeding. *Id.* at 421. Similarly, although the Fifth Circuit awarded interim fees to the plaintiffs in *James v. Stockham Valves & Fittings Co.*, 559 F.2d 310 (5th Cir.1977), *cert. denied*, 434 U.S.

1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978), it did so while reviewing a final judgment for the defendants. *See id.* at 314, 358–59. *See also Yakowicz*, 683 F.2d at 784–86 & n. 12.

Finally, we conclude that *Yakowicz* cannot be distinguished merely because counsel in that case was not appointed. Morgan did not challenge her counsel's appointment, but challenged only the failure to award fees prospectively to her involuntarily appointed counsel. Therefore, this order is functionally indistinguishable from the order in *Yakowicz*, and we find the reasoning of that case persuasive. We thus dismiss this appeal for lack of appellate jurisdiction.

APPEAL DISMISSED.