

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2006

# Reyes v. Freeberry

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3400

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Reyes v. Freeberry" (2006). *2006 Decisions.* Paper 770.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/770

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3400

JACK REYES, Sergeant;
JOSE ANTONIO HERNANDEZ, Sergeant,

Appellants

v.

SHERRY FREEBERY,
JOHN L. CUNNINGHAM, Colonel, both
individually and in their official capacity;
NEW CASTLE COUNTY, a municipal corporation

On Appeal from the United States District Court
for the District of Delaware
D.C. Civil Action No. 02-cv-01283
(Honorable Kent Jordan)

Argued May 24, 2005

Dismissed In Part and Remanded to the District Court for Clarification
July 8, 2005

Resubmitted Pursuant to Third Circuit LAR 34.1(a) Following Remand
March 16, 2006

Before: SCIRICA, *Chief Judge*, McKEE and STAPLETON, *Circuit Judges*

(Filed July 10, 2006)

## OPINION OF THE COURT

SCIRICA, *Chief Judge*.

This is an appeal of three orders of the District Court arising from a pre-trial discovery protective order entered on the joint request of the parties. We will dismiss in part and remand in part.

### I.

On July 10, 2002, Sergeants Jack Reyes and Jose Antonio Hernandez filed a complaint in the District Court against Sherry Freebery, individually and in her official capacity as Chief Administrative Officer of New Castle County; Colonel John Cunningham, in his individual capacity; Colonel David McAllister, in his official capacity as Chief of the New Castle County Police Department; and New Castle County. Plaintiffs alleged, among other things, discriminatory promotion practices, retaliation, and constructive discharge. To facilitate discovery, the parties negotiated a confidentiality agreement. On January 22, 2003, the parties filed a joint motion for a protective order adopting the confidentiality agreement. The District Court granted the motion.

Both parties filed motions for summary judgment. Defendants filed a motion to enforce compliance with the protective order. They alleged plaintiffs violated the protective order by failing to file their summary judgment pleadings under seal and by communicating with the press regarding confidential matters.

On January 15, 2004, the District Judge held a hearing via teleconference. With the consent of both parties, he ordered the summary judgment pleadings sealed pending his review of defendants' motion. He also restricted the parties' communications with the press.[1] Plaintiffs contend his instruction constituted a blanket gag order on all communications relating to the case. Defendants contend the restriction was limited to communications that would violate the protective order.

Plaintiffs filed a motion to void the confidentiality agreement and the protective order, and to make the record public. While this motion was pending, defendant Sherry Freebery was indicted on unrelated federal charges. On July 30, 2004, the District Judge issued an order staying all proceedings. In a footnote, the order explicitly declined to address Plaintiffs' argument that in restricting communications with the press, the court had placed an unconstitutional prior restraint on his expression. On August 20, 2004, the District Court denied without prejudice all pending motions. Plaintiffs appealed, contending the District Judge erred in (1) staying the civil case, (2) refusing to void the

---

[1]During the teleconference, the District Judge explained:
> I'm very interested in maintaining the press' full and adequate access to the courts and the proceedings in the courts, but when we're talking about confidential information or allegations that confidential information has been wrongly disseminated, I think you will only compound the problem by discussing this matter until we've aired it and discovered whether or not there's substance to the allegations that are made.

(App. 45.)

protective order, (3) denying the motion to unseal the summary judgment record, and (4) restricting counsel's communications with the press.

In a per curiam opinion filed July 8, 2005, we held that we lacked jurisdiction to review the stay order and that we could not determine, based on the record, whether we had jurisdiction over plaintiffs' remaining arguments. We remanded for further clarification of the restrictions on discovery information, court records, and communications with the press. On December 29, 2005, the District Judge issued a memorandum opinion explaining the scope of and reasons for the restrictions. He emphasized the protective order was entered on the joint motion of the parties, and the sealing order and press enforcement order were entered to enforce the protective order. At our request, the parties filed letter briefs in response to the District Judge's memorandum opinion.

For the reasons set forth, we conclude we do not have jurisdiction to review the August 20, 2004 order denying the motion to void the protective order, or the January 15, 2004 oral order not to communicate with the press regarding confidential information. We conclude we have jurisdiction to review the August 20, 2004 order denying the motion to unseal the summary judgment record, and we will remand for the District Court's further consideration.

## II.

## A.

Under the final judgment rule, we have jurisdiction to review all final decisions of the district courts. *See* 28 U.S.C. § 1291. Under the collateral order doctrine, we can review an otherwise interlocutory appeal if the District Court's order (1) conclusively determines the disputed question, (2) resolves an important question that is unrelated to the merits of the underlying case, and (3) would effectively be unreviewable on appeal from a final judgment. *See Carr v. Am. Red Cross,* 17 F.3d 671, 675 (3d Cir. 1994) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). We have construed the collateral order doctrine narrowly, "'lest the exception swallow up the salutary general rule' that only final orders may be appealed." *Yakowicz v. Pennsylvania,* 683 F.2d 778, 783 n.10 (3d Cir. 1982) (quoting *Rodgers v. U.S. Steel Corp.*, 541 F.2d 365, 369 (3d Cir. 1976)).

Plaintiffs contend we have jurisdiction to review the August 20, 2004 order denying the motion to void the protective order under the collateral order doctrine.[2] We

---

[2]Plaintiffs also contend we can review the protective order under the doctrine of pendent jurisdiction. We have stated "'pendent appellate jurisdiction over an otherwise unappealable order is available only to the extent necessary to ensure meaningful review of an appealable order.'" *In re Montgomery County*, 215 F.3d 367, 376 (3d Cir. 2000) (quoting *Nat'l Union Fire Ins. v. City Sav., F.S.B.*, 28 F.3d 376, 382 (3d Cir. 1994)). Here, there is overlap between the first order, denying the motion to vacate the protective order, and the second order, temporarily sealing the summary judgment record. But the sealing order was based on the District Judge's need for time to consider the parties'

(continued...)

disagree. Under the doctrine's first requirement, the order must conclusively determine the disputed question. *See Carr,* 17 F.3d at 675. Here, the order denied plaintiffs' motion without prejudice, and stated "[a]ny party may renew their motions when the stay is lifted." (App. 62.) We have noted, "[s]o long as there is a plain prospect that the trial court may itself alter the challenged ruling, there is little justification for immediate appellate intrusion." *Lusardi v. Xerox Corp.*, 747 F.2d 174, 178 (3d Cir. 1984) (citing 15 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 3911 (1976)). Accordingly, the order does not satisfy the first requirement of the collateral order doctrine. Because we cannot exercise jurisdiction over a collateral order unless all three requirements of the collateral order doctrine are satisfied, *see Carr,* 17 F.3d at 675, we will dismiss for lack of jurisdiction.[3]

---

[2](...continued)
positions, and not on an evaluation of the protective order's validity. We need not review the protective order to review the decision to seal the record. The third order, restricting communications with the press that violated the protective order, is not sufficiently related to the sealing order to warrant pendent jurisdiction.

[3]Furthermore, we think it is unlikely that the order could satisfy the second requirement of the collateral order doctrine, under which an order must resolve an important issue unrelated to the merits of the underlying case. *See Carr v. Am. Red Cross,* 17 F.3d 671, 675 (3d Cir. 1994). Plaintiffs contend the protective order implicates First Amendment issues that are both important and independent from the merits. But a protective order only implicates the First Amendment if it is not supported by a showing of "good cause." *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1982). We cannot determine whether the protective order is supported by good cause—and whether plaintiffs raise a First Amendment claim—without reviewing the merits of the underlying case. In *Cipollone,* we noted that because of ambiguous language in *Seattle Times*, it was unclear if the Court had mandated a Rule 26(c) analysis without regard to the First

(continued...)

**B.**

An order either granting or denying access to portions of a trial record is appealable as a final order under 28 U.S.C. § 1291. *See United States v. Smith,* 123 F.3d 140, 145 (3d Cir. 1997); *United States v. Antar*, 38 F.3d 1348, 1355–56 (3d Cir. 1994). Accordingly, we have jurisdiction to review the August 20, 2004 order denying plaintiffs' motion to unseal the summary judgment record.[4]

---

[3](...continued)
Amendment, or if the analysis should include a least restrictive means test. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1119 (3d Cir. 1986). But we concluded "*Seattle Times* prohibits a court considering a protective order from concerning itself with first amendment considerations." *Id.* Accordingly, in cases addressing our jurisdiction to review interlocutory appeals of discovery protective orders, we have concluded First Amendment concerns are not properly considered. *See id.; New York v. U.S. Metals Refining Co.*, 771 F.2d 796, 802 (3d Cir. 1985).

[4]The order satisfies all three requirements of the collateral order doctrine. Under the first requirement, it "conclusively determines the disputed question," *Carr v. Am. Red Cross,* 17 F.3d 671, 675 (3d Cir. 1994), because there is no reason to believe the District Court will reconsider the order prior to the termination of criminal proceedings. Even if the court were to reconsider it after the stay is lifted, access to the trial record would have been denied until that time, thereby conclusively determining the issue of access to the record during the criminal proceedings. The second requirement is satisfied because First Amendment and common law rights of access to trial proceedings are important questions "unrelated to the merits of the underlying case." *Id.* As noted, protective orders generally do not implicate First Amendment issues. But portions of the sealed summary judgment record were not marked confidential and were not covered by the protective order. The third requirement is satisfied because even a temporary denial of access to trial proceedings can impose a serious injury that "would effectively be unreviewable on appeal from a final judgment." *Id.* The right to engage in constitutionally protected and time sensitive communications might be lost, and any relief that could be granted would be stale. *See Shingara v. Skiles*, 420 F.3d 301, 305 (3d Cir. 2005).

7

We will affirm the District Court's order if the record demonstrates "'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073 (3d Cir. 1984) (quoting *Press-Enterprise Co. v. Super. Ct. of Cal., Riverside County*, 464 U.S. 501, 510 (1984)). In the absence of an overriding interest, there is a strong presumption in favor of public access to judicial proceedings and records. *See id.* In *Publicker,* we concluded restricting disclosure of sensitive information until a district judge determines its confidential status can constitute an important overriding interest, sufficient to outweigh the presumption in favor of access. *See id.* at 1071–72. Noting "there are circumstances where 'disclosure . . . would effectively nullify [a party's] claim of privileges without a hearing on the merits,'" *id.* at 1071 (quoting *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 609 n.25 (1982)), we stated "[p]arties are thus afforded the opportunity to resolve their disputes in court without automatically destroying the confidentiality of certain information." *Id.* at 1072.

Here, the explicit purpose of the sealing order was to allow the District Judge time to make reasoned judgments regarding the material's confidential nature and the privacy concerns of third parties. During the teleconference, he explained, "if . . . some damage could be limited by putting matters under seal, I want to put it under seal sooner rather than later" (App. 39), pending resolution of defendants' motion to seal the documents permanently. Later in the conversation, he criticized the parties for "using information

8

that was delivered under a confidentiality agreement . . . as to which there are legitimate privacy concerns of third parties." (App. 44.) The District Judge's concerns about third-party privacy interests were valid. The record indicates that if the material were released, serious harm could result to the privacy interests of police department employees who were not parties to the case. We have recognized an exception to the presumption of access where confidential material is determined to be injurious to third parties. *See United States v. Criden*, 681 F.2d 919, 921 (3d Cir. 1982).

The District Court identified an important countervailing interest—adequate time to make reasoned judgments regarding the material's confidential nature and third-party privacy concerns—sufficient to outweigh the presumption in favor of access and to justify a temporary sealing order. Accordingly, we believe the temporary sealing order was justified at the time it was issued. But when the District Judge stayed the case, he dismissed all pending motions without prejudice, including plaintiffs' motion to unseal the record. The temporary sealing order became indefinite, and for the past twenty-eight months, the public has been denied access to most of the record, including many filings not covered by the protective order. We have noted "[e]ven if the initial sealing was justified, when there is a subsequent motion to remove such a seal, the district court should closely examine whether circumstances have changed sufficiently to allow the presumption allowing access to court records to prevail." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551–52 (3d Cir. 1994). In dismissing all pending motions at the time of the stay, the

9

District Court might not have realized the stay would change the nature of the sealing order, shifting the balance between the strong presumption of access and the countervailing interests favoring confidentiality. The District Judge's need for time to evaluate the parties' respective positions and third party privacy interests—sufficiently important to justify a temporary sealing order—cannot justify an indefinite sealing order. Accordingly, we remand to the District Court the question of whether there is continuing justification for the summary judgment record to be sealed.

## C.

In his December 29, 2005 memorandum opinion, the District Judge stated that his instruction regarding communications with the press was explicitly not a "blanket 'gag order'" on all public communications about the case, but rather an instruction to refrain from speaking about confidential material.[5] (Mem. Op. 14.) Plaintiffs recognize the memorandum opinion limits the scope of the order to information covered by the protective order, but contend there is a "disconnect between the lower court's earlier actions and its recent words." (Appellants Letter Br. at 4.) They contend the memorandum opinion "implicitly vacates and limits the scope of the earlier overbroad

---

[5]The memorandum opinion explains the District Judge "merely told the parties that they should stay away from revealing information that could reasonably be called 'confidential' under the terms of their own Agreement and the court's protective order," and that "if the question is whether the direction I gave the parties covered solely information given in discovery pursuant to the protective order, the answer is yes." (Mem. Op. at 14.)

10

gag order." *Id.* Because of the "wrong" suffered by plaintiffs' lead counsel in the interim,[6] they contend their challenge to the oral order restricting communication with the press falls within the "capable of repetition, yet evading review" exception to mootness. *See So. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911).

We do not consider whether the order restricting communication with the press falls within this exception because this non-final order of the District Court does not satisfy the first or third requirements of the collateral order doctrine. Accordingly, we have no jurisdiction. The order does not satisfy the first requirement of the doctrine because it does not conclusively determine the disputed question. *See Carr,* 17 F.3d at 675. The order was to "[m]aintain . . . to the fullest extent possible a status quo with respect to confidential information," pending review of defendants' motion to seal the summary judgment pleadings. (App. 45–46.) It was explicitly intended to be a temporary order.[7]

---

[6]We question whether the alleged injury to plaintiffs' counsel can serve as the basis for plaintiffs' challenge to the order. But even assuming the alleged injury is to plaintiffs themselves and to the public, we do not have jurisdiction to review this order.

[7]It would appear the stay has transformed this temporary order into an indefinite one. But we note a difference between a temporary order of indefinite duration and an order that "conclusively determines the disputed question" under the first requirement of the collateral order doctrine. *Carr,* 17 F.3d at 675. In denying all pending motions without prejudice at the time of the stay, the District Judge stated "[a]ny party may renew their motions when the stay is lifted." (App. 62.) In light of this, we cannot conclude the District Court conclusively determined the question.

11

Nor does the District Court's order satisfy the third requirement, since it can be effectively reviewed on appeal from a final judgment. *See Carr,* 17 F.3d at 675. In *Shingara v. Skiles*, 420 F.3d 301 (3d Cir. 2005), we considered this issue with respect to an order denying a motion to vacate a protective order. We noted two problems with delaying review. First, the issue might become moot if the confidentiality restrictions were relaxed before appeal from a final order. *Id.* at 305. Second, any relief that could be granted would be "stale" because "a newspaper [was] being constrained in its attempt to obtain information so that it can report the news, and in such a situation time is of the essence." *Id.* Plaintiffs acknowledge the issue in this case is already moot unless it falls within the "capable of repetition, yet evading review" exception. *So. Pac. Terminal Co*, 219 U.S. at 515. We believe the question of whether it falls within this exception can be effectively reviewed on appeal from a final judgment. Because of the District Court's clarification of the scope of the order, plaintiffs are not being restrained from communicating non-confidential material, and neither plaintiffs nor the public will suffer further harm between the present and appeal from a final order. Accordingly, there is no risk that later review "will be futile" because it will afford only "stale relief." *Shinghara*, 420 F.3d at 305.[8]

_____

[8]Plaintiffs rely on *United States v. Scarfo*, 263 F.3d 80 (3d Cir. 2001), in arguing that the oral order is appealable under the collateral order doctrine. But *Scarfo* is distinguishable. Under the first requirement of the doctrine, the district court in *Scarfo* "finally and conclusively entered a gag order," restraining the defendant's former defense
(continued...)

12

**III.**

For the reasons set forth, we will dismiss for lack of jurisdiction plaintiffs' appeal of the August 20, 2004 order denying the motion to void the protective order and the January 15, 2004 oral order not to communicate with the press regarding confidential information. We will vacate the August 20, 2004 order denying the motion to unseal the summary judgment record and remand to the District Court for further proceedings consistent with this opinion.

---

[8](...continued)
counsel from discussing the case with the press. *Scarfo*, 263 F.3d at 87. The court explicitly invited an appeal of the order. *Id.* Here, the order was intended to remain in effect only until the District Judge ruled on the alleged breach of the protective order. Under the third requirement, the attorney challenging the order in *Scarfo* was no longer involved in the criminal case and would be unable to challenge the order on appeal from final judgment. *See Scarfo*, 263 F.3d at 88. Here, plaintiffs can challenge the oral order on appeal from a final judgment, and we can effectively review the order at that time.