NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3503

_____

I. K.,
on behalf of Z. S.,

v.

MONTCLAIR BOARD OF EDUCATION,
                                                            Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-16-cv-09152)
District Judge:  Honorable Madeline C. Arleo

_____

Submitted under Third Circuit LAR 34.1(a)
July 1, 2020

Before:  KRAUSE and PHIPPS, *Circuit Judges,* and BEETLESTONE,* *District Judge*.

(Opinion Filed:  July 16, 2020)

_____

OPINION†

_____

_____

* Honorable Wendy Beetlestone, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

† This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge.*

In this cross-appeal, the parties challenge an attorneys' fees award from a dispute about the public education of a legally blind child. The Montclair School District proposed an Individual Education Plan for the child, and the child's mother, I.K., disagreed with the plan. That disagreement prompted the mother to request a number of independent evaluations of her child. The mother also sought to mediate the dispute, and in doing so reached agreement with the school district to place the child in a full-day inclusion classroom. But the parties could not resolve the second component of their dispute, the request for independent evaluations, and I.K. petitioned for relief with the New Jersey Office of Administrative Law. An Administrative Law Judge rejected that petition without holding a hearing.

Unsatisfied with that outcome, I.K. filed a six-count complaint against the school district in federal court. The first five counts alleged statutory violations of federal and New Jersey law; the sixth count appealed the rejection of her petition for independent evaluations and requested a remand for a hearing. In moving for summary judgment on those claims, I.K. urged the District Court to rule on the five statutory claims – and refrain from remanding the case for a hearing. In exercising jurisdiction over the dispute,[1] the District Court partially granted summary judgment on the sixth count and remanded the case for a hearing. As for the five statutory counts, the District Court

---

[1] *See* 28 U.S.C. § 1331; 20 U.S.C. § 1415(i)(3).

retained jurisdiction over them and stayed them, pending the outcome of the remanded administrative hearing.

Following that order, I.K. moved for attorneys' fees under the Individuals with Disabilities Education Act. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I). She asserted that because she received the relief originally requested – a remand for a hearing – she was a prevailing party. In awarding her fees on that basis, the District Court discounted her requested fees by 50% across the board. That Solomonic split left neither party content, and both appealed. I.K. disputes the reduction, and the school district argues that I.K. did not meet her burden of proving the reasonableness of the fees, that she was not a prevailing party, and that certain fee requests were not compensable.

But because the District Court left other claims pending and retained jurisdiction over this dispute during the remand, the fee award does not constitute an appealable order – leaving us without appellate jurisdiction.

The District Court's fee order is not a final order subject to appeal. *See* 28 U.S.C. § 1291. Although the District Court remanded the case for a hearing, stayed the remaining counts, and administratively closed the case, it retained jurisdiction over I.K.'s remaining claims. The remand order therefore did not terminate the dispute.[2] And the award of attorneys' fees here, before the close of the case, is not a final order. *See In re*

---

[2] *See Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) ("[D]istrict courts retain jurisdiction over administratively closed cases" and in doing so a district court "d[oes] not disassociate itself from the case; it merely puts its involvement on hold." (internal quotation marks, alteration, and citation omitted)).

*Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 401 F.3d 143, 156 (3d Cir. 2005) ("[A]n interim award of attorneys' fees is not, in almost all cases, an appealable final order because it foresees further and additional action by the district court, thus continuing, but not concluding, the fee litigation.").[3]

As a non-final order, the attorneys' fee award is not otherwise appealable. The District Court did not designate the fee award as an immediately appealable partial judgment. *See* Fed. R. Civ. P. 54(b). Nor did the District Court certify the fee award for interlocutory appeal. *See* 28 U.S.C. § 1292(b). The fee award likewise does not qualify as a collateral order subject to immediate appeal because the award may receive meaningful review upon entry of a final judgment in the case. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (permitting immediate appeals of orders that "[(i)] conclusively determine the disputed question, [(ii)] resolve an important issue completely separate from the merits of the action, and [(iii) are] effectively unreviewable on appeal from a final judgment"); *Papotto*, 731 F.3d at 276.

Without jurisdiction over this appeal, we are left only to announce that fact and dismiss this case. *See Elliot v. Archdiocese of N.Y.*, 682 F.3d 213, 219 (3d Cir. 2012).

---

[3] *See also H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch.*, 873 F.3d 406, 412 (3d Cir. 2017) (exercising appellate jurisdiction over an attorneys' fees dispute "only after [the district court] had already granted all of [p]laintiffs' other requests for relief"); *Yakowicz v. Pennsylvania*, 683 F.2d 778, 781-82 (3d Cir. 1982) (holding that an order denying an interim award of attorneys' fees was not immediately appealable).